## JOEL MEAD *vs.* JONATHAN ARMS.

Where a party seeks relief against a decree of a court of chancery on the ground of having discovered new evidence which came to his knowledge after the decree was pronounced, or after publication passed, and which could not have been used in the cause at the hearing, he must obtain it either by a bill of review, when the decree is signed and enrolled, or, when the decree is not signed and enrolled, by a supplemental bill in the nature of a bill of review.

The discovery of new evidence, or new matter, is not a ground for a petition for a rehearing in chancery.

This was a petition to the court of chancery brought by *Arms* for a rehearing in a cause in which there had been a decree against him in favor of *Mead*. The petitioner prayed for a rehearing on the ground that, since the trial of the cause, he had discovered new and material evidence not known to him before. The petition also disclosed other grounds on which he insisted a rehearing ought to be granted. The petitionee demurred to the

petition, and assigned for causes that the introduction of said new evidence mentioned in the petition, made a new case different from the one tried by the court; that no new witness could be examined on a rehearing of the cause as to any matter in issue, and not proved on the trial; and if such evidence be taken it could not be used; and that the affidavits of the new witnesses were not attached to the petition.

The cause was argued by *O. H. Smith*, for the petitioner, and by *Mr. Baylies* for the petitionee.

The opinion of the Court was delivered by

WILLIAMS. J.—This is a petition for a rehearing of a cause in chancery. The petition is demurred to because it discloses new discovered evidence as the ground of the application; and the question is whether it is a sufficient reason to grant a rehearing that a party has discovered new testimony which was unknown to him at the time the decree was pronounced. This is altogether distinct from the question, whether, if a rehearing is granted, the court may not enlarge the order of publication, so as to admit further testimony if the equity of the case should so require.

The principal importance attached to this question is as a question of practice; and in that view it is of some consequence that no rule of practice should now be introduced which would have the effect of creating any further delays in our chancery proceedings, unless the ends of justice imperiously require it. Nor can we adopt all the rules of practice in the courts of chancery in Great Britain, or in our sister states, where they have a separate court of chancery. Our court sits but once in a year in each county, and but one week is allowed for all the law and chancery business in that county. In the courts of chancery in England it is almost a matter of course to grant a rehearing on the certificate of two respectable counsel, that it is a case proper to be reheard, and on the rehearing all the testimony taken in the case may be read. But I apprehend this certificate is upon the case as it was heard, and that the discretion of the chancellor is exercised upon the case which has been before him, and which was once heard, and is usually upon a suggestion that the law or the fact, or proof upon which the decree was made, was mistaken. —*Ca. Ch.* 54. The form of the petition given in Harrison's Chancery seems to countenance this idea. If it is so far a matter of doubt whether the proof or fact was not mistaken, that two counsel will certify that it ought to be reheard, and the chancellor

WASHINGTON thinks the party ought to be indulged with a rehearing, it is gran-
March,
1830.        ted.   No case has been produced, and I have been unable to find
—        any, where additional or new  discovered testimony  which  will
Mead
vs.        make a point clear that was doubtful, or will  make  a new case,.
Arms.        has been made the ground for, allowing a rehearing.   If this was
to be indulged, the  hearing  on the  application for a rehearing
would be as intricate and perplexing as a  hearing  upon  the ori-
ginal case, and in fact  would be hearing the cause anew.   If the
party petitioning is to be indulged by introducing  new testimony,
the party opposing should have the same indulgence ;  and the ap-
plication for a rehearing would  be but  a hearing of the  original
cause upon further testimony, to be  reheard  again upon still fur-
ther testimony, if the application should be successful.   We be-
lieve the whole course of proceedings both in law and chancery
is opposed to such a course.   In courts of law a new trial is rarely
granted for new discovered evidence, and in no case, as far as  I
can learn, has a rehearing been granted in chancery for that cause.

After publication there is  no further testimony taken unless by
order of court,  and there can be found no order, form, or direc-
tion, for taking testimony after a decree pronounced, preparatory
to a hearing of a petition for a rehearing.   There is  no precedent
or *dictum* which authorizes the hearing of an *exparte* affidavit of
a witness in any  stage  of chancery proceedings.   In a case
found in 4 *Viner*, 408, it is said  " that if the chancellor err in
" his decree upon matters of fact, the  decree is final and cannot be
" reviewed because they  cannot go into a new examination of
" witnesses now, for after publication this cannot be done.     But
" if the chancellor errs in his conscience upon a matter of fact
" proved before him, there may be a review upon this matter, be-
" cause there needs no new examination ;  but this may be review-
" ed upon the old depositions, and this is usual."   In the margin-
al note to these cases it is stated that on a bill of  review the fact
must be admitted as stated in the decree, although  that fact was
mistaken, but it is added  " in *mistaking*,  the  proper  course  had
been to have gotten the  case  reheard," and a number of  ancient
cases are quoted in support of it.   It is also  added,  " that no bill
of review is admitted on new matter ;  and cites *Cary's Rep.* 82 ; 3
*Jac., Lovegrace* vs. *Webb.*   It may be noticed that there are
notes of ancient cases in the  time  of  James I., and I  should
think from them that at that time there was no  way  by  which ad-
vantage could be taken of new matter  discovered after the hear-
ing or decree pronounced.   The observations of  Sergeant May-

nard in arguing the case of *Barbor* vs. *Stearle*, 1 *Vernon*, 416,
and the case of *Chambers* vs. *Greenhill*, 2 *Ch. Rep.* 66, and 3
*Ch. Rep.* 76, 77, would lead us to this conclusion. After bills
of review were allowed for the purpose of bringing new matters be-
fore the court, this distinction was taken, that when a matter in
fact was particularly in issue at the former hearing a bill of review
was not allowed upon new proof of that matter. But when a new
fact is alleged that was not at the hearing, then it may be a
ground for a bill of review.—4 *Viner*, 408, cited from *Freem.
Rep.* A bill of review cannot now be brought in the court of
chancery in Great Britain upon the discovery of matter after the
decree was pronounced, except by leave of the court granted
upon petition ; and they will judge on such petition whether there
is any foundation for such leave.—1 Harrison, 170, 171. If
upon a bill of review or a supplemental bill in the nature of a bill of
review, (which is the regular way of bringing matter newly discov-
ered to the consideration of the court,) the leave of the court must
be first obtained upon petition, it would appear singular if the par-
ty could avail himself of the new discovered matter or evidence
to much greater advantage on a petition for a rehearing. In the
case of *Standish* vs. *Radley*, 2 *Atk.* 177, where the party had
discovered new and important matter since the pronouncing the
decree against him, he availed himself of it by bringing a supple-
mental bill in the nature of a bill of review, and a petition of re-
hearing to rectify the former decree in the particulars complained
of. And in 2 *Maddock*, 485, a case is cited from 17 *Vesey*, and
this position is deduced from it, that if the objection to a decree
is a mistake in law to be collected from all the pleadings and ev-
idence, it is a subject of rehearing, unless a supplemental bill is
necessary to introduce new facts, in which case the cause will be
heard upon the matter of the supplemental bill together with a re-
hearing of the original cause. If the course attempted by the
petitioner in this case is correct, the supplemental bill was unneces-
sary in both cases above referred to.

It was formerly the rule that no proof could be read at a re-
hearing that was not read at the hearing.—2 *Eq. ca. ab.* 491.
In *Jones* vs. *Purefoy*, 1 *Vernon*, 47, where a rehearing had been
granted, new proof was rejected by the chancellor, *Finch*, who,
it is said, " took notice of what dangerous consequence it would be,
" that if after publication passed, and people knew where a
" cause pinched, they should be at liberty to look up witnesses to
" bolster up the faulty part of their cause." It is not, however,

WASHINGTON of any consequence, that we should consider this question, to
*March,*
1830. what extent at a rehearing new proof may be introduced, whether
─────── any thing further is permitted than depositions taken and omitted
Mead to be read, or papers since found, or testimony to the incompeten-
*vs.*
Arms. cy of a witness, (and *Chancellor Kent* thinks the rule extends no
farther,—6 *John. Ch. Rep.* 253,) as this inquiry is not involved in
the present inquiry before the court.

In the case of *Wood* vs. *Griffith*, 1 *Merrivale*, 25, a petition for
a rehearing was ordered to be taken off the files on the ground of
its making a different case from the one on which the decree was
pronounced; and in the case of *Mussell* vs. *Morgan*, 3 *Brown*, *C. C.*,
*Lord Thurlow* dismissed a petition to set aside a decree for
fraud, supported by affidavits, and observed that he could see no
reason why it should not be by original bill in the nature of a bill
of review, and further said, " either there is enough before the
court already for it to determine upon, or there is not; if there is, it
may be done by a rehearing ; if not, the new matter must be
brought before the court."

From an examination of all the authorities, we are of opinion
that where a party seeks for relief against a decree on the ground
of his having discovered new matter which came to his knowledge
after the decree, or rather after publication passed, and which
could not have been used in the cause at the hearing, he must ob-
tain it either by a bill of review when the decree is signed and
enrolled, or, when the decree is not signed and enrolled, by sup-
plemental bill in the nature of a bill of review. And further, that
the discovery of new matter or new evidence is not a ground for a
petition for rehearing, and 'that it would be extremely injurious
and productive of great irregularity and fraud to introduce a rule
of practice which would warrant such a procedure. As, howev-
er, there are other grounds disclosed in the petition as a reason
why a rehearing should be had, (and we may here remark
that it is proper to disclose in the petition the ground on which a
rehearing is prayed for,) we are not disposed to dismiss the peti-
tion, but order that the petitioner expunge from his petition all that
part of it which refers to new discovered testimony as the ground
of obtaining the relief prayed for. The petition will then remain
for a further hearing.

*O. H. Smith*, for petitioner.
*Baylies*, for petitionee.