71 U.S. 519 (____)
4 Wall. 519
PURCELL
v.
MINER.
Supreme Court of United States.

*520 Messrs. Brent and Merrick, for the petitioner.
Mr. Justice GRIER delivered the opinion of the court.
We have just decided this case and affirmed the judgment below, because by the complainant's own statement in his bill he has shown no sufficient grounds for a court of equity to grant him the relief sought. We will not repeat the points there decided. The case was too plain to leave any possible doubt respecting the correctness of our decision. Moreover, the record showed an application made in the court below, before the appeal to this court, for a bill of review, which was decided by this court to have been properly refused. But it seems that the appellant is not satisfied with the judgment of the court, and *521 now makes an application to the court for leave to file another bill of review in the court below.
We have no doubt that the complainant honestly believes that he has been greatly wronged by the defendant below, who has taken the liberty of breaking his promise with regard to a parol contract for an exchange of property with the complainant; but we had supposed that in the opinion just delivered, we had shown clearly to the satisfaction of any person who did not suffer under some obliquity of mental vision, that by his own statement of his case, the complainant had mistaken his remedy; and that although he may have suffered a wrong by the defendant's want of good faith, he had not presented a case which required a court of equity to disregard the statute of frauds, because it had been used for the purpose of committing a fraud. As if a party to a contract of exchange had received a deed and kept the land; refusing to give a conveyance for the land given in exchange.
But in this case there was nothing shown but a breach of promise and a scrambling possession, followed by litigation. The present application shows more perseverance and faith in the applicant than discretion or judgment; and presents not a single feature of a case proper for a bill of review.
By Lord Chancellor Bacon's rules, it was declared: "No bill of review shall be admitted except it contain either error in law appearing in the body of the decree without further examination of matters in fact, or some new matter which hath arisen in time after the decree; and not on any new proof which might have been used when the decree was made. Nevertheless, upon new proof that is come to light after the decree was made, which could not possibly have been used at the time when the decree passed, a bill of review may be granted by the special license of the court and not otherwise."
We will not put ourselves in the position of seriously noticing the reasons offered for a review of this case. Suffice it to say that the petitioner has not presented a single feature of a case within the rules. He offers no new evidence, but what he might as well have produced before, and which, if it had been produced, would not have justified a decree in his favor.
MOTION DENIED.