## HILTS v. LADD.

[58 Pac. 32.]

1. BILL OF REVIEW—SUIT TO IMPEACH DECREE.— Under Hill's Ann. Laws, § 377, abolishing bills of review and substituting impeachment of the decree by original suit, substantially the same grounds are necessary to support an impeachment suit as were necessary to support a bill of review.

2. SUIT TO IMPEACH DECREE FOR NEWLY FOUND EVIDENCE.—A suit to impeach a decree regularly entered cannot be maintained on cumulative parol evidence to a point in issue in the original suit, for to allow the vacation of the decree upon such testimony would offer too great an opportunity for frauds and perjuries.

From Union :  STEPHEN A. LOWELL, Judge.

Suit to impeach a decree by Rachel M. Hilts against Freeman S. Ladd and Mary A. Ladd. From a decree setting aside the former decree, defendants appeal.

REVERSED.

For appellants there was a brief and an oral argument by *Mr. Thos. H. Crawford.*

For respondents there was an oral argument by *Mr. Lewis B. Cox,* with a brief over the names of *L. B. Cox* and *Baker & Baker* to this effect :

I.    A decree may be reviewed or impeached, under our practice, by original bill in all cases where a bill of review, or a bill of any form in that nature, or an original bill to impeach a decree, would have been permissible under the old practice ;  and such a bill may be brought without leave of court, and either before or after affirmance of the decree by the supreme court :  Code, § 381 ;  *Crews* v. *Richards,* 14 Or. 442 ;  *Nessley* v. *Ladd,* 30 Or. 564.

II.    A bill of review may be based upon newly discovered oral evidence of controlling force :  *Nessley* v. *Ladd,* 30 Or. 564 ;  *Ocean Ins. Co.* v. *Fields,* 2 Story, 59 ;  *Long*

v. *Granberry*, 2 Tenn. Ch. 85 ; *Burnham* v. *Chipman*, 5 Cal. 400 ; *Mulford* v. *Cohn*, 18 Cal. 42 ; *Sheldon* v. *Hawes*, 15 Mich. 519 ; *Mosher* v. *Mosher*, 108 Mich. 612 ; *Bloss* v. *Hull*, 27 W. Va. 503 ; *Municipal Signal Co.* v. *Gamewell Fire Alarm Tel. Co.*, 77 Fed. 452 ; *McGehee* v. *Gold*, 68 Ill. 215 ; *Brown* v. *Luehrs*, 79 Ill. 575 ; *Thomas* v. *Rawlings*, 34 Beav. 50 ; *Haskins* v. *Hattenback*, 14 Iowa, 314 ; *Thompson* v. *Tilton*, 34 N. J. Eq. 306 ; *Travers* v. *McKay*, 15 Ga. 550.

III.   New evidence, though to the same point, is not cumulative if it be of a different character from that already offered : Greenleaf, Ev. ( 14 ed. ) vol. 1, § 2 ; *Guyot* v. *Butts*, 4 Wend. 579; *Waller* v. *Graves*, 20 Conn. 306 ; *German* v. *Savings Bank*, 38 Iowa, 368 ; *Vardeman* v. *Byrne*, 8 Miss. 365 ; *Wilcox Silver Plate Co.* v. *Barclay*, 48 Hun. 54.

IV.   The mere fact that evidence strengthens the case formerly made, and necessarily proves the falsity of opposing testimony, is not a valid objection.   See cases cited under point III also : *Barker* v. *French*, 18 Vt. 460; *Vardeman* v. *Byrne*, 8 Miss. 365 ; *Kane* v. *Burrus*, 10 Miss. (2 S. & M.) 313 ; *Gardner* v. *Mitchell*, 6 Pick. 114 (17 Am. Dec. 349); *Knowles* v. *Northrop*, 53 Conn. 360 ; *Smith* v. *Grover*, 74 Wis. 171.

MR. JUSTICE BEAN delivered the opinion of the court.

This is a suit to impeach and set aside a decree of this court on the ground of newly-discovered evidence, and comes here on an appeal from a decree granting the relief demanded.   In brief, the facts are that in October, 1893, Homer Nessley, Frank Nessley, and Charles Nessley, being in possession of certain lands in Union County, and claiming to own the same in fee under a warranty deed from the plaintiff, brought a suit in the circuit court of that county against the present defendant to

quiet their title to such lands, which resulted adversely
to them.  They subsequently appealed to this court, and,
while the appeal was pending, reconveyed the land to
the plaintiff.  The decree of the court below was after-
wards affirmed (29 Or. 354, 45 Pac. 904), whereupon
this suit was instituted for the purpose above stated.   In
the original cause of Nessley against the defendant it
was claimed by the Nessleys, as it is claimed by the
plaintiff in this suit, that the land in question had been
sold and conveyed by the defendant in the year 1873 to
his brother, John R. Ladd, the predecessor in interest of
the Nessleys and plaintiff, and that the deed of convey-
ance was burned, without having been recorded, in a fire
which destroyed John R. Ladd's house in the year 1876.
The execution of such deed was the real and only point
in issue in the case, and upon it much evidence was given
on both sides, the material portions of which, as they
influenced the decision of this court, are summarized in
the opinion of Mr. Justice WOLVERTON.   The Nessleys
produced upon the hearing several witnesses who tes-
tified to having signed the deed ; one of them claiming
to have read it over, and undertaking to give its contents,
the manner in which it was signed, how it was witnessed
and acknowledged, etc.   Other witnesses were called who
testified as to statements made by the defendant incon-
sistent with a claim of ownership to the land.   The de-
fendant, however, positively denied ever having made
this deed, and gave other evidence tending to corrobo-
rate his denial ; and this court found, as a conclusion
from all the testimony, that he was right.

The object of the present suit is to overturn this decree
and set it aside on the ground of newly-discovered evi-
dence tending to prove the execution of such deed, and
which it is claimed could not have been produced on the
former trial by the exercise of reasonable diligence.  This

newly-discovered evidence consists of the oral testimony
of five witnesses (McComas, Deal, Cramblitt, Martin, and
Reeves), who testified to facts and circumstances tending
to support the plaintiff's theory of the case.  McComas
testifies that he was a notary public in Union County in
1873 ; that in March of that year, by request of the de-
fendant and his brother, he drew up a deed of conveyance
of the premises in controversy from the former to the
latter ;  that the defendant signed it by his mark, and
acknowledged it before him as a notary ;  and that he
then signed as a witness.  Martin says that in the spring
of 1873 he was employed by McComas ;  that upon a cer-
tain day McComas prepared a deed of the premises in
controversy, from the defendant to his brother, and that
it was duly signed by the defendant with his mark ;  and
that he attested it as a witness.  Deal says that he was
in the office of McComas some time in the spring of 1873,
and saw the defendant execute a deed of the premises
in controversy to his brother, and saw him sign it by
his mark.  Cramblitt's testimony is substantially to the
same effect.  And Reeves says that, in the spring of one
of the years in the early '70's, he was working for the
defendant's brother ;  that upon a certain day the de-
fendant directed him to hitch a horse to the buggy, say-
ing that they were going to La Grande to make a deed
"to that land ;"  that the two brothers went away, and
upon their return the same evening defendant informed
witness that the deed had been made out.  The defendant
insists, among other things, that the evidence by which
the former decree is sought to be impeached, is, at best,
merely cumulative, or, rather, an accumulation of wit-
nesses upon a point directly in issue in the former case,
and is therefore insufficient to support the bill ;  and,
second, that, if the newly-discovered evidence is compe-
tent, it is not sufficiently material, satisfactory, or con-

vincing to justify or warrant the decree appealed from.

1. By our statute (Hill's Ann. Laws, § 377), bills of review are abolished, and it is provided that a decree in equity may be impeached or set aside by an original suit. But it is only the form that is abolished. The substance remains the same. And an original suit, under the statute, to set aside or impeach a decree on the ground of newly discovered evidence can only be maintained upon similar grounds to those which would be sufficient to maintain a bill of review, or a bill in the nature of a bill of review, at common law : *Crews* v. *Richards*, 14 Or. 442 (13 Pac. 67).

2. Now, it is generally agreed that mere cumulative evidence upon a point in issue in a former trial is not sufficient to support a bill of review, although there is perhaps not an entire uniformity of opinion in the authorities as to whether the mere discovery of new witnesses to prove a matter which was in issue in the former case is cumulative evidence, within the meaning of this rule. In the early and leading case, in this country, of *Respass* v. *McClanahan*, Hardin, 342, it is maintained in an opinion, the reasoning of which is so full and clear that Mr. Justice STORY said in *Dexter* v. *Arnold*, 5 Mason, 315 (Fed. Cas. No. 3,856), that he should hesitate longer before acting against it, and expressed regret that he could not transfer it to his opinion in *Wood* v. *Mann*, 2 Sumn. 335 (Fed. Cas. No. 17,953), that the discovery of new witnesses to prove a matter which was in issue in the original cause is not a ground for a bill of review, but that the new proof to support such a bill must be matter of record, or a writing not known before. In the course of the opinion the court said that, after a most careful search, it could not find ''one case reported, in which a bill of review has been allowed on the discovery of new witnesses

35 OR.—16.

to prove a fact which had been before in issue, although
there are many where bills of review have been sustained
on the discovery of records and other writings relating
to the title which was generally put in issue. The dis-
tinction is very material. Written evidence cannot be
easily corrupted, and, if it had been discovered before
the former hearing, the presumption is strong that it
would have been produced, to prevent further litigation
and expense. New witnesses, it is granted, may easily
be procured by it, and the danger of admitting them
renders it highly impolitic.'' Mr. Chancellor KENT, in
*Livingston* v. *Hubbs*, 3 Johns. Ch. 124, arrived at a like
conclusion, and seemed to think that such new evidence
must not be a mere accumulation of witnesses to the same
fact, but some stringent written evidence or newly-dis-
covered papers.

Mr. Justice STORY, in *Dexter* v. *Arnold* and *Wood* v.
*Mann*, manifestly leans to the same limitations, for in
the latter case he says : ''I am not able to satisfy myself
that this objection [the one made by the Court of Appeals
of Kentucky] to the evidence is not well founded. On
the contrary, the more I reflect, the more I feel the diffi-
culty of the admissibility of merely cumulative and cor-
roborative testimony, though newly discovered, to the
facts in issue. If I were to decide in favor of its admissi-
bility, I should, as far as I know, be the first judge who
ever acted upon so broad a doctrine. I am not bold
enough to adventure upon such a course. On the con-
trary, if I were called upon to frame a rule, it would be
to exclude all testimony of newly-discovered witnesses
to any facts in issue, unless connected with some newly-
discovered documents :'' 2 Sumn. 335 (Fed. Cas. No.
17,953). In *Brewer* v. *Bowman*, 3 J. J. Marsh. 492, it is
declared that ''it is not sufficient for a review to depend
upon reswearing the same or other witnesses, with a

view to reach the truth;'' and in a monographic note to
that case in 20 Am. Dec. 171, it is said : ''In regard to
newly-discovered evidence, it appears to be settled that,
if it be documentary, it will be considered sufficient to
warrant the granting of a bill of review, it being in
other respects sufficient; but mere oral proof, 'an ac-
cumulation of witnesses,'—as it has been termed, will
not be entertained on a petition for leave to file the bill.''
The case of *McDougald* v. *Dougherty*, 39 Ala. 409, involved
practically the precise questions presented by this record.
It was a bill to review and set aside, on the ground of
newly-discovered evidence, a decree in a suit brought to
foreclose a deed of trust, rendered for want of sufficient
proof of the execution of the deed; and, in deciding
the case, Mr. Justice STONE said : ''The testimony newly
discovered is parol proof—consists in swearing—and is
cumulative. It relates to a fact or facts—the execution
and last-known custody of the deed—which were in issue,
and were attempted to be proved, in the former suit.
The rule is inflexible, and rests in the soundest public
policy, that parol cumulative testimony to a fact in issue
in an original cause cannot be the foundation of a bill
of review. To allow such testimony would invite to
the greatest abuse—nay, sometimes, to subornation of
perjury—and would tend to almost endless litigation.
'*Interest reipublicæ ut sit finis litium.*' ''—citing *Caller* v.
*Shields*, 2 Stew. & P. 423 ; *Dexter* v. *Arnold*, 5 Mason, 312
(Fed. Cas. No. 3,856); *Respass* v. *McClanahan*, Hardin,
342 ; *Livingston* v. *Hubbs*, 3 Johns. Ch. 124 ; *Her* v.
*Routh's Heirs*, 4 Miss. (3 How.) 292 ; *Foy* v. *Foy*, 25
Miss. 212 ; *Love* v. *Blewit*, 1 Dev. & Bat. 108 ; *Head* v.
*Head's Adm'r*, 3 A. K. Marsh. 121 ; *Norris* v. *Le Neve*,
3 Atk. 36 ; *Taylor* v. *Sharp*,. 3 P. Wms. 371 ; *Willan* v.
*Willan*, 16 Ves. 88 ; *Young* v. *Keighly*, 16 Ves. 351.

If these authorities are to be followed—and they are

certainly entitled to very great consideration, both on account of their numbers and of the recognized ability of the several courts and judges—this case is at an end. There is no pretense that the new proof or newly-discovered evidence upon which it is sought to impeach and set aside the former decree consists of anything more than the oral testimony of witnesses concerning a fact in issue in the former case, and upon which there was much testimony on both sides. But whether it can be truly said that there is any universal or absolute rule which prohibits courts from allowing the introduction, upon a bill of review, of the oral testimony of newly-discovered witnesses to prove an issue on the former hearing, it is agreed by all the authorities that such evidence, if allowed at all, should be permitted with very great caution, and only in extreme cases, for fear of opening the doors to perjury and subornation of perjury, and that, where the new evidence consists in the mere accumulation of witnesses to a fact once litigated, a bill of review should rarely, if ever, prevail : *Long* v. *Granberry*, 2 Tenn. Ch. 85 ; *Craig* v. *Smith*, 100 U. S. 226 ; *Peters* v. *Bowman*, 98 U. S. 56 ; *McDowell* v. *Morrell*, 5 Lea, 278 ; *Kimberly* v. *Arms*, 40 Fed. 548 ; *Society of Shakers* v. *Watson*, 23 C. C. A. 263, 77 Fed. 512. The newly-discovered evidence sufficient to support a bill of review, whatever its nature, should be of so clear and decisive a character as to leave no doubt that it would of itself compel a reversal of the former ruling ; and, as said by the chancellor in *Long* v. *Granberry*, 2 Tenn. Ch. 85, "New proof of so conclusive a character will rarely if ever be found, unless it be documentary," for, as said by McFARLAND, J., in *Burson* v. *Dosser*, 1 Heisk. 763, "whether it [the new testimony] would be sufficiently strong to change the result could not be determined from the bill, but only upon consideration of the additional testimony, when taken

and considered with the other evidence in the original cause. If this be a good ground for a bill of review, there would probably be but few seriously contested cases where grounds equally strong might not be presented. Parties, after a trial, and after discovering the ground upon which they failed, would too often discover that upon another trial they could maintain their side of the contest with more evidence and greater skill. This would open the door to endless frauds and perjuries."

So that whether we look at this case from the standpoint of the authorities which hold that the discovery of new witnesses upon a point already litigated will under no circumstances support a bill of review, or those which refuse to be bound in all cases by a rule so strict and inflexible, the decree of the court below cannot be upheld. The oral testimony of the newly-discovered witnesses, as given on the trial of this suit, tends strongly, no doubt, to support the theory of the plaintiff in the suit of *Nessley* v. *Ladd*, and might have been sufficient, had it been given on the trial of that suit, to have brought about a different result. But manifestly it is not that conclusive and irrefragable evidence which is required in a proceeding of this kind. It is the mere recollection of witnesses of an event occurring a quarter of a century ago, and its probable effect can only be determined when it is considered in connection with the evidence in the original cause; and, when so considered, it leaves the matter in more or less doubt, and there still remains room for a very strong argument, upon the undisputed and undeniable facts, in support of the defendant's position. If, under such circumstances, an original suit in the nature of a bill of review can be maintained, there will scarcely ever be an end to litigation. The policy of the law is not to protract or continue litigation, but to end it; but if whenever a new witness or witnesses can, honestly

or by subornation, be found, whose testimony might probably have been sufficient to have justified a different finding and decree in a suit already terminated, an original suit can be maintained on that account, there never could be a certainty that a cause once tried out and passed to a final decree was ended. The danger and mischief to society which would naturally flow from a rule of that kind are too great and too universal to justify its sanction by the courts. It follows that the decree of the court below must be reversed, and a decree entered here dismissing the bill.          REVERSED.

Decided 26 June, 1899.