GEORGE P. BLAIR, Assignee, *v.* RITCHIE & WARDEN.

October Term, 1900.

Present: TYLER, MUNSON, START and WATSON, JJ.

Opinion filed February 13, 1901.

*Chancery—Office of a bill of review—When a petition for a rehearing is inappropriate*—A bill of review or a supplementary bill in the nature of a bill of review, and not a petition for a rehearing, is the proper channel by which to seek, through the introduction of evidence newly discovered or newly available, the reversal or alteration of a decree in Chancery.

*Chancery—Proceedings in remanded cause to conform to the mandate*—In a case originally heard in the Court of Chancery on the report of a master, and remanded by the Supreme Court with a mandate directing what decree shall be rendered, the Court of Chancery has

not power, on a petition in the cause setting up evidence newly dis-
covered and evidence newly available, to recommit the master's
report for a new trial of the issue presented by the pleadings.

*Cases distinguished*—Cases that turned upon the power of the Court of
Chancery under a mandate of the Supreme Court framed through
obvious inadvertence, and cases in which equity required proceed-
ings incidental or supplemental to those directed by the mandate,
are distinguished.

CHANCERY. This cause having been heard in the Su-
preme Court was remanded with a mandate that a decree be
entered for the orator. See this case, 72 Vt. 311. The de-
fendants filed a motion to have the report of the master recom-
mitted for the purposes stated in the opinion. On hearing,
Caledonia County, June Term, 1900, *Taft,* Chancellor, it was
considered that the court was without power to recommit in
compliance with the motion, and a decree was rendered for the
orator in accordance with the mandate. The defendants
appealed.

*Bates, May & Simonds* for the orator.
*Dunnett & Slack* for the defendants.

MUNSON, J. This case was originally heard in the Court
of Chancery upon the report of a master, and was heard in
the Supreme Court on appeal, and was remanded with a man-
date directing a decree for the orator. The defendants there-
upon filed a petition in the Court of Chancery, alleging a mis-
apprehension affecting the management of their case before the
master and the subsequent discovery of further evidence, and
praying that the report of the master be recommitted for fur-
ther hearing and additional findings. That court held that it
had no power to recommit the report, and entered a decree for
the orator in accordance with the mandate; and the case is
now before us upon an appeal from this decree.

Our statute provides that a case finally determined in the
Court of Chancery may be taken by appeal to the Supreme

Court; that that court shall hear and determine such appeal, and affirm, reverse or alter the decree as justice requires; that the proceedings, with the judgment, decree or order of the Supreme Court therein, shall then be remanded to the Court of Chancery; and that such proceedings shall be had in the Court of Chancery "as may be necessary to carry such judgment, decree or order into effect." V. S. 981, 984, 985.

In *Gale* v. *Butler,* 35 Vt. 451, it is said: "The notion that on the remand of a case from the Supreme Court, the power and duty of a chancellor over the case is a mere ministerial one, to register the mandate of the Supreme Court, and that he has no other, is quite too narrow. It is his duty to conform his decree to the judgment of the Supreme Court, so far as they have adjudged, but if no direction has been given as to an incident of the decree, like the costs, it is his duty to determine it."

The opinion then proceeds: "So if in his judgment justice requires that some further proceeding should be allowed in the case, it is within his power to allow it to be had, as was decided by this court at the last general term, in *Barker & Haight et al.* v. *Vermont Central R. R. Co. et al.*" The decision referred to was not reported, but the nature of the further proceeding therein approved can be gathered from *Barker & Haight* v. *Belknap's Est. & Vermont Central R. R. Co.,* 27 Vt. 700, and from the remark in the digest that the chancellor acted upon the intimation given by Judge Redfield in disposing of this case and that his course was approved on appeal. The mandate in the case reported required the dismissal of the bill as to the railroad company, and an application was afterwards made to have the mandate so modified as to enable the Court of Chancery to allow the filing of a cross-bill in favor of the defendant estate against the defendant company to settle the equities between them. The court declined to do this;

whereupon Judge Redfield said, as an individual and without examination, that he had no doubt that the chancellor could allow such a motion without being in contempt of the mandate.

In *Re Chickering,* 56 Vt. 82, the petitioner was one of the persons for whose benefit the bill was brought, if she should desire to avail herself of it by becoming a party; and the court held that it was within the discretion of the Court of Chancery to allow her to become a party at any time before the final decree should be signed and enrolled. The opinion says further, that even if the decretal order affirmed by the Supreme Court had been so drawn that it would exclude the petitioner, the Court of Chancery would have had this right; for the reason that it was not a matter upon which the Supreme Court had passed or given directions.

In *Lamoille Valley R. R. Co.* v. *Bixby,* 57 Vt. 548, the Supreme Court inadvertently assumed that the interest of one of the defendants in the property in suit was a one-third interest, when no question as to the proportionate rights of the several parties was raised by the pleadings or the evidence. Upon receiving the case, the Court of Chancery permitted an amendment of the bill in this respect, and appointed a master to ascertain the value of the property and the amount of the interest in question, and upon the coming in of his report entered a decree for the amount so determined. This was held to have been properly done.

In *Sortwell* v. *Montpelier & Wells River R. R. Co.,* 56 Vt. 180, the master's report was silent upon the subject of interest, and the decree of the Court of Chancery was not framed to require the payment of interest. The mandate of the Supreme Court was simply an affirmance of the decree below. It was held that the Court of Chancery had no right to change the amount so determined by decreeing the payment of interest.

In *Sherman* v. *Windsor Mfg. Co.,* 57 Vt. 57, the Court of Chancery decreed for the orators upon overruling a general demurrer. In the Supreme Court, the defendant moved for leave to withdraw its demurrer and raise by answer the questions that could be raised by demurrer, and after an opportunity for hearing the motion was overruled and the decree affirmed. The defendant then moved the Court of Chancery for leave to plead the statute of limitations, and the court, upon finding that the circumstances were the same as when the above leave was refused in the Supreme Court, denied the motion. The Supreme Court held that as the case stood its mandate was obligatory.

The case of *Canerdy* v. *Baker,* 55 Vt. 578, was a petition to the Court of Chancery for the rehearing of a remanded cause, based upon some claim of error which is not stated, but which evidently went to the substance of the decision. The court, after some examination of authorities, recognized the propriety of a rehearing for the correction of errors resulting from inadvertence and apparent from the papers and pleadings, but considered that this was the limit of the right, and that what was in fact decided could not be thus overturned.

It is apparent that these decisions, however helpful in the consideration, are not directly determinative of the case at bar. This petition is not based upon any claim of error in the court, inadvertent or otherwise. Nor does it ask for proceedings outside the scope of the mandate or supplemental in their nature. It, in effect, prays for a retrial of the exact issue presented by the pleadings. It seeks an opportunity to present a state of facts different from the one that has been passed upon. It proposes to secure through additional findings the rendition of a decree radically different from that ordered by the man-

date. The determination of the question presented will necessitate a further inquiry regarding chancery practice.

In *Mead* v. *Arms,* 3 Vt. 148, a rehearing was prayed for on the ground of newly discovered evidence, and was refused in this language: "From an examination of all the authorities, we are of opinion that where a party seeks for relief against a decree on the ground of his having discovered new matter which came to his knowledge after the decree, or rather after publication passed, and which could not have been used in the cause at the hearing, he must obtain it either by a bill of review when the decree is signed and enrolled, or, when the decree is not signed and enrolled, by supplemental bill in the nature of a bill of review. And further, that the discovery of new matter or new evidence is not a ground for a petition for rehearing, and that it would be extremely injurious and productive of great irregularity and fraud to introduce a rule of practice which would warrant such a procedure." As far as we know, the practice has since conformed to this view. In *Brainard* v. *Morse,* 47 Vt. 320, relief on the ground of newly discovered evidence was sought by bill of review.

The modern practice does not seem to have varied from that approved in *Mead* v. *Arms.* See 3 Encycl. Pl. & Pr. Tit. Bills of Review. If relief is sought upon the ground of matters newly discovered, it must be by a bill of review or by a supplemental bill of that nature. The bill so designated is universally assumed by text-writers to be the appropriate remedy in such cases. Its sole purpose is to secure the reversal or alteration of a decree, either on the ground of error in law apparent from the record without further inquiry as to matters of fact, or on the ground of some new matter not before available to the party. The procedure is fully stated in the note to *Brewer* v. *Bowman,* 20 Am. Dec. 172, where many authorities are cited. In *Buffington* v. *Harvey,* 95 U. S. 99;

Book 24 Law. Ed. 381, it is said that bills of review containing new matter are in the nature of original bills, so far as the new matter is concerned, and admit of an answer and a replication and proceedings appertaining to an issue of fact; but only as relates to the truth and sufficiency of such new matter, and the propriety of its admission for the purpose of opening the decree in the original cause. If decided to be founded in fact, and sufficient to affect the decree, and properly admissible, the original decree will be opened, and a new hearing had if necessary; but if not so found, the bill of review will be dismissed and the original decree will stand.

The Court of Chancery was right in refusing to recommit the report on petition, and in proceeding to execute the mandate of this court. This view of the case makes it unnecessary to inquire as to the facts presented by the petition.

*Decree affirmed and cause remanded.*