### CAMP MFG. CO. v. PARKER.

(Circuit Court, E. D. North Carolina. February 27, 1903.)

1. **BILL OF REVIEW—LEAVE TO FILE.**
   Leave to file a bill of review can only be obtained from the court in which the decree is rendered and enrolled.

2. **SAME—TIME OF FILING.**
   After decision of a cause in the Circuit Court of Appeals, a bill of review filed in the Circuit Court without leave of the Circuit Court of Appeals must be considered, in determining whether it was filed within a reasonable time, as filed on the date on which leave to file was subsequently granted by the Circuit Court of Appeals.

3. **SAME.**
   A bill of review for matters of law appearing on the record must be filed within the time allowed for an appeal, and for newly discovered matters within a reasonable time.

4. **SAME—LEAVE TO FILE.**
   A bill of review for newly discovered matters cannot be filed without leave of the appellate court.

5. **SAME—BASIS FOR.**
   A bill of review may be based on newly discovered evidence, which could not have been used on a former hearing, or for errors appearing on the record.

6. **SAME—NEWLY DISCOVERED EVIDENCE.**
   When a bill of review is based on newly discovered evidence, it must be on new matter which has arisen since the decree.

7. **SAME—FRAUD NEWLY DISCOVERED.**
   A bill of review alleged fraud in concealing from complainant the actual number of acres in a tract of land; but it appeared that there was correspondence between the parties on the question of acreage before the first suit, and the opinion in that suit considered the subject. *Held*, that the bill could not be maintained on the ground of newly discovered matter.

In Equity.

Jas. E. Shepherd, for petitioner.
B. B. Winborn, for defendant.

PURNELL, District Judge. This cause was decided by the Circuit Court of Appeals at February term, 1899 (91 Fed. 705, 34 C. C. A. 55), and on March 22, 1900, a final decree entered, in accordance with

¶ 4. See Equity, vol. 19, Cent. Dig. § 1110.

the mandate of that court, embodying a perpetual injunction against the defendant. On the 3d day of December, 1901, defendant, Henry Parker, filed a bill of review, on which process was issued, and at November term, 1902, of the Circuit Court of Appeals, obtained from the Circuit Court of Appeals an order allowing him to file such bill of review. The Camp Manufacturing Company having answered, the cause was set down for hearing and duly argued. The bill, after setting forth the contract, etc., upon which the original suit was based, alleges the parties with whom said contract was made in 1889 were to make a survey of the "Exum Peel Tract," which survey was accordingly made, and disclosed the fact that this tract of land contained, "as he is informed and believes," 94½ acres, which fact was concealed from him, and he was paid a rental under the contract on 54 acres, and complainant was ignorant of the fraud thus practiced upon him when the rental was tendered to and accepted by him. An allegation reflecting on complainant's former counsel is then set forth, but was expressly abandoned and ignored on the hearing. Subsequent allegations set forth in detail wrongs based on the alleged mistake in acreage. The answer denies the material allegations, and sets up other defenses.

Without attempting to decide the issues, the question at the threshold of the controversy is, is the petitioner, on the face of the bill, entitled to maintain a bill of review? It will be seen the bill was filed two years and seven months after the rendition and enrollment of the decree of the appellate court, and nearly a year later (November term, 1902) permission of the appellate court thereon was obtained. Leave to file a bill of review can only be obtained from the court in which the decree is rendered and enrolled—in the case at bar, the Circuit Court of Appeals; hence this bill must be taken to have been filed subsequent to the November term of that court, at which term such leave was granted. After the rendition of the decision of the Circuit Court of Appeals, February 7, 1899, this court, as was its duty, simply entered a decree in accordance with the mandate of the higher court. From the entry and enrollment of the decree of the Circuit Court of Appeals, or the entry of the formal decree in this court in accordance therewith, it was over two years before the bill was properly filed. A bill of review for matters of law appearing on the record must be filed within the time allowed for an appeal, and for newly discovered matters should be within a reasonable time. The latter cannot be filed without leave of the appellate court. Bates, Fed. Eq. Proc. § 715; Ricker v. Powell, 100 U. S. 104, 25 L. Ed. 527.

A bill of review may be based upon newly discovered evidence which could not have been used on a former hearing, or errors appearing on the record. Bates, Fed. Eq. Proc. §§ 710–717, inclusive; 1 Foster, Fed. Proc. 666 et seq. There is no allegation of error in the decree—the record; but the relief is asked on the ground of mistake in acreage, called a fraud in the bill, but it is not stated exactly when this was discovered. On an examination of the record it will be seen there was correspondence on this subject in 1895, and this question is considered in the opinion of the Circuit Court of Appeals. When a bill of review is based on newly discovered evidence, it must be on new matter which has arisen since the decree. Purcell v. Coleman, 4 Wall.

519, 18 L. Ed. 435; Beard v. Burts, 95 U. S. 434, 24 L. Ed. 485; Nickie v. Stewart, 111 U. S. 776, 4 Sup. Ct. 700, 28 L. Ed. 599. The petitioner was the owner of the land. The question of acreage was mooted several years before the cause was disposed of by final decree, certainly in 1895; and, if there was error in the number of acres, the true number could have been ascertained by reasonable diligence and not unreasonable expense. The basis of this bill of review is not, therefore, such newly discovered matter as will entitle petitioner to the relief prayed for.

It is therefore considered, ordered, and adjudged that the bill be, and the same is, dismissed, and petitioner, Henry Parker, pay the costs incurred, to be taxed by the clerk of this court.