Decided 1 March, 1904.

**McLEOD v. LLOYD.**

[75 Pac. 702.]

</div>

IMPEACHING DECREE BY CORRECTING MANDATE—BILL OF REVIEW.

Where it is claimed that the enforcement of a judgment or decree will be inequitable,.owing to occurrences since its rendition, or the discovery of testimony that would probably have produced a different result in the case, and reasonable diligence has been used, the remedy is not by a motion to recall or modify the mandate, but is by an original suit of impeachment in the nature of a bill of review.

Appealed from Lane County.

This a second motion to recall the mandate.*

OVERRULED.

*Mr. Francis D. Chamberlain* for the motion.

No appearance *contra.*

MR. CHIEF JUSTICE MOORE delivered the opinion.

This is an alias motion to recall a mandate. It is stated by appellant's counsel that the land, the title to which is alleged to have been clouded, lies in Douglas and not in Lane County, as averred in the complaint, which fact was not discovered until after the decree in this court was rendered; that the defendant, for a valuable consideration, and without knowledge of the plaintiff's claim, purchased the premises in good faith, and caused the deeds to be recorded in Douglas County, before plaintiff's deeds were recorded therein, thereby securing the superior title; that the mandate issued in pursuance of the decree of this court states that plaintiff is the absolute owner of the lands; that the deeds therefor executed to the defendant are void, and should be canceled; and that he is enjoined from asserting any interest in the premises. An application is made for an order recalling the mandate, that another may be issued, directing the trial court to take such further proceedings in this suit as may be necessary, not inconsistent with the opinion, or that the new mandate shall not preclude the defendant from asserting, either in this suit, or in any other action or proceeding, any rights he may have acquired by reason of his having secured the prior record of his deeds in the proper county.

It was held on the former application to recall the mandate that it was discretionary with this court either to enter a final decree, or to remand the suit for further proceed-

---

*NOTE.—This opinion was not rendered until after the prior opinions herein had been officially published, or it would have been printed with them: *McLeod* v. *Lloyd*, 42 Or. 260.—REPORTER.

ings, and a final decree having been entered on appeal herein, and a petition for a rehearing overruled, the right of the defendant to answer in this suit is thereby concluded : *McLeod* v. *Lloyd*, 42 Or. 260 (74 Pac. 49). If, since the cause was brought to this court, the defendant's ascertainment of the boundary between Lane and Douglas counties may be regarded as newly discovered evidence, his remedy is not to open the decree that was affirmed in this court, but to vacate it by instituting an original suit for that purpose: B. & C. Comp. § 391; *Crews* v. *Richards*, 14 Or. 442 (13 Pac. 67); *Nessley* v. *Ladd*, 30 Or. 564 (48 Pac. 420); *Hilts* v. *Ladd*, 35 Or. 237 (58 Pac. 32). "The law relative to bills of review," says Mr. Justice Gabbert, in *Warren* v. *Adams*, 26 Colo. 404 (60 Pac. 632), "is based upon Lord Bacon's ordinance, which provided: 'No decree shall be reversed, altered, or explained, being once under the great seal, but upon bill of review, and no bill of review shall be admitted except it contain * * some new matter which hath arisen in time after the decree, and not any new proof which might have been used when the decree was made. Nevertheless, upon new matter that has come to light after decree made, and could not possibly have been used at the time when the decree passed, a bill of review may be granted by the special license of the court, and not otherwise.' On the question of diligence, the rule is that, in order that new matter may be made available as a basis for a bill of review, it must appear that it was not known to the party pleading it, or his counsel, in time to have been brought forward and used in the former trial, and that by the exercise of reasonable diligence it could not have been discovered or produced in that suit." In the notes to the case of *Little Rock, etc. Ry. Co.* v. *Wells*, 54 Am. St. Rep. 216, it is said : "The enforcement of a judgment may be inequitable, either because it was against equity and good conscience to enforce it from the very beginning,

or because, though its enforcement was at one time proper, subsequently occurring circumstances have changed the relations of the parties, and made it inequitable to insist upon its further execution." If, therefore, the decree of this court, though proper when rendered, has become inequitable in consequence of the defendant's subsequent ascertainment of the boundary between these counties, and the prior recording of his deeds in Douglas County, and such discovery could not have been made, by the exercise of reasonable diligence, in time to interpose the fact as a defense in the trial of this suit, the remedy is by an original suit to set aside the final decree of this court, and the mandate heretofore issued will afford no bar to its prosecution, so that no necessity exists for recalling the mandate, and the motion should be overruled, and it is so ordered.                                        OVERRULED.