AUGUST BARZ, W. R. BLOOM, GEORGE ZINN, JOHN LANDON,
HENRY THIEMAN and HENRY WILLE, for themselves and
others of land assessed for Drainage District Number
Nine in Hancock County, v. DORA SAWYER, Executrix of
the Estate of A. B. Sawyer, County Treasurer of Han-
cock County, Interstate Drainage & Investment Com-
pany, Farmers National Bank and the following named
members of the Board of Supervisors: A. W. Bingham,
John T. Brush, Andrew Anderson, O. A. Phelps, W. L.
Green, Appellants.

Equity: BILLS OF REVIEW: NATURE OF SAME: SCOPE OF REMEDY. Un-
1    der the old chancery practice a bill of review was for the purpose
of procuring a reversal, modification or explanation of a decree
entered in a former suit, and filed after the decree had been signed
and enrolled; and a supplemental bill in the nature of a bill of
review was for the purpose of revising a former decree, but was
filed before the decree had been signed and enrolled, and an original
bill in the nature of a bill of review was applicable where the inter-
est of the party was not before the court when the decree was signed.
The bill of review and the bill in the nature of a bill of review were
applicable, where the errors were apparent on the face of the record
and because of matters *dehors* the record.

Same: NEWLY DISCOVERED EVIDENCE. A bill of review will lie for
2    newly discovered evidence or for new matters arising after entry of
decree, where the new matter was not and could not have been
discovered before by the exercise of reasonable diligence, where it
was material and if true would cause a different result on another
trial, and where it was not merely cumulative.

Same: FORMS OF ACTION: CODE PRACTICE. Under the Code practice all
3.   forms of action are abolished, but the substance of the old chan-
cery practice still remains, and the same relief as was formerly
obtainable by a bill of review, or a bill in the nature of a bill of
review, may be had by a proper pleading under the statute.

Same: JUDGMENTS: ACTION FOR REVIEW. Where warrants issued for
4    drainage purposes were paid pending an action by the owners of the

VOL. 159 IA.—31

land to restrain payment of the same and delivery of the same to the contractor, the plaintiffs had the right to assume that such payment would be brought to the attention of the court; and where payment was so made without notice to the court or to plaintiffs, and the same was not discovered until after decree, failure to discover such payment was not chargeable to any want of diligence on the part of plaintiffs, and they were entitled to maintain an action for such relief as was obtainable by a bill of review, or in the nature of a bill of review, under the old chancery practice.

Same: RELIEF: COMPENSATION. Where the defendant, pending an action for specific equitable relief, places himself in a position where he cannot comply with an order granting such relief, the court will grant relief by compelling compensation to be made.

Same: JUDGMENTS: CONCLUSIVENESS. A decree of court is conclusively presumed to be correct as to all the issues involved, and to have been based on a decision of all the issues, in the absence of a showing to the contrary.

Same: PLEADINGS: ADMISSIONS BY DEMURRER. A demurrer admits all facts well pleaded: Thus where a demurrer to a petition for the review of a decree admitted that payment of certain funds by the county treasurer had been enjoined, it was conclusive of the proposition that the funds should have been allowed to remain with the treasurer, and it was proper for the court to order restoration.

*Appeal from Hancock District Court.*—HON. J. J. CLARK and HON. C. H. KELLEY, Judges.

THURSDAY, MAY 8, 1913.

SUIT in the nature of a bill for the review of a decree previously entered and praying to amend the same so as to render it effectual. A demurrer to the petition was overruled, and defendants, electing to stand on the ruling, decree was entered as prayed.—*Affirmed.*

*Ramsey & Blackstone* and *Senneff, Bliss & Witwer*, for appellants.

*Cliggitt, Rule & Smith,* for appellees.

LADD, J.—In 1905 the board of supervisors of Hancock county established drainage district No. 9, and the contract for the excavation of sections 3, 4, and 5 of the ditch was let to the Interstate Drainage & Investment Company. It completed the work, but "failed to perform its contract in the time and manner specified by the contract to do the work in good workmanlike manner with respect to the sides of the drainage ditch, in that the sides were left rough and uneven, and in giving proper slope, and that there was caving and injury in parts of the ditch that interfere with its efficiency, and failed to remove the dirt back from the edges of the ditch strictly and substantially as required by the contract." At least, the district court so decreed July 1, 1909, in an action by the plaintiffs in this case against the defendants other than the Farmers' National Bank begun in March, 1908, praying that the defendant Sawyer, as treasurer of the county, be enjoined from paying certain warrants issued by the county auditor, and the defendant the Interstate Drainage & Investment Company from receiving the same. The facts were as follows: The contract price was $23,104.88, of which 80 per cent. or $18,500 had been paid the contractor in pursuance of section 1989-a9 Code Supplement, leaving $4,604.88 unpaid. The engineer in charge of the work certified that the drain had been constructed in a good and workmanlike manner, but not strictly according to the contract and specifications, but that it was a good job, and recommended that the final 20 per cent. of the contract price be paid except $1,000 to be withheld until some of the work should be completed. Though the improvement was not completed and had not been accepted, by the board of supervisors, that body about January 8, 1908, ordered that $3,604.88 be paid the contractor and $1,000 retained in accordance with the engineer's recommendation. Thereupon the auditor issued three warrants, one for $1,000, another for $2,000, and the third for $604.88. These plaintiffs, whose lands were included in the districts with others numbering thirty-seven in

all, began the action as stated, alleging in their petition that the report and certificates of the engineer on which the warrants issued were untrue, and so known to be by him as well as the board of supervisors and contractor, and were fraudulently made and accepted, stated wherein the ditches had not been excavated in accordance with the contract, alleged that the board of supervisors had no authority to pay or accept the work until certified by the engineer to have been complete, and prayed that the acceptance of the improvement by the engineer and the board of supervisors be adjudged fraudulent and void, that the county treasurer be restrained from paying any warrants or evidences of debt for said drainage work held by the contractor which had been issued to it or any other sums of money or warrants or evidence of indebtedness to it.

All the defendants appeared to the action at the April, 1908, term of court, and the trial was not begun until December 21, 1908. The cause was submitted February 13, 1909, and the decree entered as stated July 1, 1909, as prayed, and expressly declared that the board of supervisors and the engineer were without authority to dispense with the performances of the contract, set aside the acceptance of the work, and the defendants were enjoined from paying the warrants to the contractor or any other person in its behalf as prayed. Thereafter, it was discovered that after the suit was begun and prior to the entry of the decree the defendant Sawyer as treasurer of the county, had paid the $2,000 warrant to the contractor and the warrant of $604.88 to the Farmers' National Bank to whom the contractor had assigned the warrant. Thereupon the present action was instituted for the purpose of amending the decree previously entered so as to render the same effective.

The petition herein alleged the facts heretofore recited; that the plaintiffs were not aware at any time prior to the entry of the decree in the former action that such payments

had been made; that the defendants, county treasurer, the contractor, and the Farmers' National Bank with full knowledge of the facts entered into a conspiracy to procure the payment of the said warrants prior to the entry of the decree, and they did, while the trial of the original action was in progress, procure the payment of the warrants as stated; that the treasurer had no right to pay an portion thereof pending such litigation nor the contractor to receive the same; that the bank took the assignment with full knowledge of the facts; that the board of supervisors had been requested to bring this suit, but had refused to do so, and the plaintiffs asked that the defendants, the county treasurer and the contractor, be ordered to pay over to the county treasurer for the benefit of the drainage district amounts paid and received on said warrants, and that the bank be adjudged to pay over to the county the amount it received, such amount to be applied upon the judgment against the treasurer and contractor. To this petition a general equitable demurrer was interposed and overruled. The defendants elected to stand on the ruling, whereupon decree was entered as prayed, and they appeal.

The petition is in the nature of a bill of review. The object of such a bill and the bill of review in the old chancery practice was to procure a reversal, modification, or explana-

1. EQUITY: bills of review: nature of same: scope of remedy.

tion of a decree entered in a former suit. The bill of review proper was filed after the signing and enrollment of the decree; a supplemental bill in the nature of a bill of review was a term applied to a bill seeking the revision of a former decree, when filed before such decree had been signed and enrolled; and an original bill in the nature of a bill of review was applicable when the interest of the party seeking a reversal was not before the court when the decree was rendered. *McGregor v. Gardner*, 16 Iowa, 538; *Whiting v. Bank of U. S.*, 13 Pet. 6, 13 (10 L. Ed. 33).

These were prosecuted where (1) errors were apparent

on the face of the record, and (2) because of matters *dehors* the record. The rules relating thereto were first systematically arranged by Lord Bacon when Chancellor of England, and appear in his celebrated Ordinances in Chancery. These, in so far as they relate to bills of review, seem to form the foundation of modern decisions on the subject. *Brewer v. Bowman,* 3 J. J. Marsh. (Ky.) 492 (20 Am. Dec. 158), and note.

The requisites of a bill of review for newly discovered matter imposed by or deduced from these ordinances are said to be: (1) That the matter was discovered after the decree was rendered. (2) It could not have been discovered before by the exercise of reasonable diligence. (3) It is material, and such as, if true, ought to produce on another trial of the issue a different result on the merits. (4) It is not merely cumulative. *Mead v. Arms,* 3 Vt. 148 (21 Am. Dec. 581). That such bill would lie for newly discovered evidence or for new matter arising after the entry of decree is put beyond doubt by the authorities. *Purcell v. Coleman,* 4 Wall. 519 (18 L. Ed. 459); *Scott's Appeal,* 112 Pa. 427 (5 Atl. 671); *Mosher v. Mosher,* 108 Mich. 612 (66 N. W. 486); *Reynolds v. Reynolds,* 88 Va. 149 (13 S. E. 395); *Dingess v. Marcum,* 41 W. Va. 757 (24 S. E. 624); *Camp Mfg. Co. v. Parker* (C. C.) 121 Fed. 195; *Hill v. Phelps,* 101 Fed. 650 (41 C. C. A. 569); 16 Cyc. 530.

2. SAME: newly discovered evidence.

In this state all forms of action are abolished (section 3557, Code), but the substance remains, and by petition the relief obtained by bill of review or bill in the nature of a bill of review is still available through pleading such as authorized by the Code. See sections 3755, 4092, Code. *Hilts v. Ladd,* 35 Or. 237 (58 Pac. 32); *Crowns v. Forest Land Co.,* 102 Wis. 97 (78 N. W. 433).

3. SAME: forms of action: code practice.

The particular matter alleged in this case is that pending litigation resulting in the first decree the warrants sought

to be and therein enjoined were paid without the knowledge
of the plaintiffs or the court. This was not
discovered until after the entry of the decree;
and, in view of the allegations of the petition,
it cannot be said that failure to do so was due to any want of
diligence. Plaintiffs had the right to assume that, should
any change in the situation be effected by defendants pend-
ing litigation, this would be brought to the attention of the
court. Otherwise that tribunal might be put in the attitude
of solemnly adjudicating concerning a subject-matter prop-
erly before it when by the secret machinations of a party it
has been put beyond its reach. The courts cannot thus be
robbed of their jurisdiction with impunity and their decrees
thereby rendered nugatory.

4. SAME: judg-
ments: action
for review.

It is well settled that, when a defendant disenables him-
self pending suit in equity to comply with an order for spe-
cific relief, the court will proceed to afford relief by way of
compelling compensation to be made. *Milk-
man v. Ordway,* 106 Mass. 232, 253; *Win-
gert v. National Bank,* 223 U. S. 670 (32 Sup. Ct. 391, 56 L.
Ed. 605). The last of these cases was an action to restrain
the bank from erecting a new bank building and in the course
of the opinion the court remarked: ''No doubt, after the fil-
ing of a bill for an injunction, defendants proceed at their
peril, even though no injunction is issued; and, if they go on
to inflict an actionable wrong upon the plaintiff, will not
be allowed to defeat the jurisdiction of the court by their
own act. In such case the bill will be retained for the assess-
ment of damages.'' In *Lewis v. Town of North Kingston,* 16
R. I. 15 (11 Atl. 173, 27 Am. St. Rep. 724), the suit was to
enjoin defendant from removing a building from and grad-
ing a lot. While the suit was pending, defendant did the
things sought to be enjoined and by supplemental answer
pleaded this as a reason for denying relief. Replications were
filed, and thereupon defendants moved that the bill be dis-
missed, and in overruling the motion the court said: ''It ought

5. SAME: relief:
compensation.

not to be in the power of a defendant in an injunction bill
to oust the court of its jurisdiction by committing *pendente
lite* the very acts to prevent which the suit was begun, and
such, we think, is the law.'' In *Merrimack River Sav. Bank
v. Clay Center,* 219 U. S. 527 (31 Sup. Ct. 295, 55 L. Ed. 320,
Ann. Cas. 1912A, 513), defendant removed telephone poles
after decree dismissing an application to enjoin it from so
doing had been entered and pending appeal to the Supreme
Court, and that court with reference thereto said: ''It ·does
not necessarily follow that disobedience of such an injunction,
intended only to preserve the *status quo* pending an appeal,
may not be regarded as a contempt of the appellate jurisdic-
tion of this court, which might be rendered nugatory by con-
duct calculated to remove the subject-matter of the appeal
beyond its control, or by its destruction. This we need not
decide, since, irrespective· of any such injunction actually
issued, the willful removal beyond the reach of the court of
the subject-matter of the litigation, or its destruction pend-
ing an appeal from a decree praying among other things an
injunction to prevent such removal or destruction until the
right shall be determined is, in and of itself, a contempt of
the appellate. jurisdiction of this court. That such conduct
may not be a violation of the injunction below affords no rea-
son why it is not also a contempt of this court. Unless this
be so, a reversal of the decree would be but a barren victory,
since the very result would have been brought about by the
lawless act of the defendants which it was the object of the
suit to prevent''—citing numerous decisions. See, also, *State
ex rel. Morse v. Dist. Court,* 29 Mont. 230 (74.Pac. 412) ; *Ex
parte Kellogg,* 64 Cal. 343 (30 Pac. 1030). To hold other-
wise, would indorse trifling with the court and the evasion of
its decrees by subterfuge. Though probably not contempt
of court, what was done borders closely thereon, and to permit
anything to be gained by such a practice would be incon-
sistent with the orderly and dignified course of procedure.

In the case at bar the decree first entered is conclusively

presumed to be correct as to matters in issue then before the court, and, in the absence of any showing to the contrary, to have been based on a decision of all issues adversely to the defendants. *Black v. Miller,* 158 Iowa, 293. This being so, it necessarily follows that payment of the warrants pending litigation was illegal, for, had this not been done, payment would have been prevented by the decree. The merits of the original decree are in no wise involved, but it may be remarked that the method pursued by the engineer and board of supervisors was to say the least irregular. It is only when the engineer has certified that the improvement has been completed to his satisfaction that the board of supervisors is called upon to approve or disapprove and if it approve, that the county auditor is authorized to issue warrants for the final payment of 20 per cent. of the contract. Section 1989-a, Code Supplement. Whether had defense been interposed and a showing been made that the defects found by the court had since been remedied, or that the amounts still retained were sufficient for that purpose, we should have held this would defeat the petition, need not now be considered. See *Monahan v. Vanatta,* 144 Iowa, 128; *Little v. Webster Co.,* 152 Iowa, 206.

6. SAME: judgments: conclusiveness.

The demurrer admitted all facts well pleaded in the petition, and among these that payment of the money out of the county treasury had been enjoined, and this was conclusive on the proposition that the funds should have been allowed to remain there, and for this reason there was no error in ordering their restoration. In no other manner can the court obviate the attempt of defendants pending litigation to rob it of the subject-matter of jurisdiction acquired and render its decree nugatory. The ruling of the trial court has our approval.— *Affirmed.*

7. SAME: pleadings: admissions by demurrer.