SETH M. TODD, petitioner for review, *vs.* ZACHARIAH CHIPMAN.

*Review—when it will not be granted to let in new evidence.*

A review will not be granted to enable a party to put in testimony which either was, or might with reasonable diligence have been, within his knowledge and reach, at the trial of the original suit, and was either wilfully suppressed or negligently omitted.

A review will never be granted to let in additional testimony when such testimony would not be likely to change the result, nor when upon the whole case made by the petition, the court perceive no probability that injustice was done.

ON EXCEPTIONS.

PETITION FOR REVIEW of the action of *Zachariah Chipman v. Seth M. Todd,* in which the then plaintiff recovered judgment at the October term, 1872, of this court for Washington County, upon a promissory note for one thousand dollars, dated October 18, 1869, payable in sixty days after its date to the order of Mr. Chipman, signed by James M. Hall, and endorsed first by Rufus Ham and then by Seth M. Todd.    The suit upon this note, in which that judgment was recovered, though brought in the name of Mr. Chipman, was instituted by and for the benefit of Sawyer & Kelley, who bought the note of the original payee, or of Albert H. Sawyer, of that firm, who ultimately paid for it.    Mr. Chipman testified in that case that, after the maturity of the note, Mr. Todd came and asked for the note for the purpose of suing Mr. Ham upon it and took it for that purpose, without paying anything on it.    Afterward Mr. Sawyer came and bought the note of Chip-

man, for the firm of Sawyer & Kelly, of which he was then a member, taking an order for it on Mr. Granger, with whom it had been left by Todd, who told Mr. Granger that Chipman wanted Ham sued upon it, which was done accordingly and personal property attached, sufficient to secure it. After Sawyer obtained the order for it he paid the attorney's bill for the suit against Ham, discontinued that action, and released the attached property, without Mr. Todd's consent. Messrs. Ham and Todd were both accomodation endorsers, or sureties, for Hall, signing before delivery of note to the payee. They, as well as Sawyer and Chipman, were witnesses in the case in which judgment was obtained, which is reported in 60 Maine, 282. The present petition was based upon allegations that Ham and Chipman will now make statements qualifying, or additional to, their former testimony, namely : that Ham will testify that it was agreed that he should pay this note and that Todd should pay another one on which they were sureties for Hall, which was in fact so paid by Todd ; that the property attached on the first suit instituted against Ham was receipted for by the firm of Kelly and Wadsworth, was sold by them, and they retained the proceeds to secure themselves ; that they paid this note for Ham, charged it to him, and told him at the time of the settlement of their account that they paid it for him ; that Kelly would swear that they accounted for the proceeds of this property to Ham, having credited him therewith ; that Chipman would produce an agreement by Todd to indemnify him (Chipman) from Granger's costs, at the time Chipman gave Todd permission to commence the first suit against Ham ; which paper was inadvertently omitted at the former trial ; it being therein stated that that action was for Todd's benefit ; and would testify that the note was not bought of him but was paid by Sawyer & Kelly for Ham, and that Albert H. Sawyer, of that firm, charged Ham for half the amount of the note, so paid for him.

The presiding justice ruled, as matter of law, that the review prayed for could not be granted, and the petitioner excepted.

*A. McNichol* and *C. B. Rounds,* for the petitioner.

*J. Granger* and *F. A. Pike*, for the respondent.

BARROWS, J. Ham and Todd, as sureties for one Hall, were liable jointly and severally with him upon a note to Chipman. Todd without paying anything for the note procured a suit against Ham to be commenced upon it in Chipman's name, giving Chipman a guaranty against any liability for costs. Ham's property was attached and Kelly & Wadsworth receipted for it, took it into their possession, sold it, and credited the proceeds to Ham.

Sawyer & Kelly gave their note to Chipman in exchange for that note, took an order for it from him upon the attorney who commenced the suit against Ham, discontinued that suit without the consent of Todd, and instituted a suit in Chipman's name against Todd. That suit was defended and Chipman and Ham and Todd all testified as witnesses for Todd. Chipman prevailed : see case reported 60 Maine, 282. Todd now petitions for a review alleging that Chipman will now testify that the note was not bought from him, but was paid by Sawyer & Kelly for Ham, and that Ham will now testify that Kelly & Wadsworth paid this note for him, and so told him, and charged the note to him, and that through inadvertence the agreement of Todd to hold Chipman harmless from costs at the first suit was not put into the case at the former trial.

The petitioner's exceptions now before us state that upon the presentation of this petition the presiding judge ruled, as matter of law, that the review could not be granted. Apparently he did so upon one of two grounds either of which would be tenable.

I. A review will not be granted to enable a party to put in testimony which either was or might with reasonable diligence have been within his knowledge and reach at the trial of the original cause, and was either wilfully suppressed or negligently omitted. All that the petitioner proposes to add to his case was either known to himself personally at the time of the former trial, or was as much within the knowledge of his witnesses, Chipman and Ham, then as now, and might have been had for the asking.

II.   A review will not be granted to let in additional testimony when such testimony would not  be likely to change the result.

The paper said to have been omitted adds  nothing  to the effect of the admissions and uncontradicted testimony at the former trial with regard  to  the  commencemeut  of  the suit  against Ham in Chipman's name, by Todd.   Should Chipman now testify that the note was  paid by Sawyer  & Kelly for  Ham and not  bought by them, his story would hardly gain  credence when confronted with his former  version of  the  transaction and the probabilities of  the case.    Ham's testimony at this  late day, that  it was paid for  him by  Wadsworth  &  Kelly, besides  being  inconsistent with Chipman's proposed  testimony, is equally improbable.    No reasonable motive can be urged for  their doing that  which  would defeat the very object  they apparently had in view, which  was the securing of their own claims against Ham.

Finally, we do not see that injustice was done.    There was a contest for  precedence among  Ham's  creditors.    Todd started first but failed in the end because he neglected to secure the irrevocable control of the note by paying for it in the outset.    He must abide the result.                                   *Exceptions overruled.*

APPLETON, C. J., CUTTING, WALTON, DANFORTH and PETERS, JJ., concurred.