[Decided at March term, 1886.]

*A. R. KNOLL *v.* H. H. KIESSLING ET AL.

HUSBAND AND WIFE—LIABILITY OF WIFE ON MORTGAGE COVENANTS.—
The wife's covenants, where she binds her property as security for her husband's debts, should not be construed to create a personal liability beyond the property mortgaged, unless she is a party to the contract of indebtedness.

* Not heretofore officially reported.

Multnomah County. Defendants appeal. Decree modified.

Suit by A. R. Knoll to foreclose a mortgage on lot 1, block 155, East Portland, by H. H. Kiessling and Emeline W., his wife, to Hobart, Wood & Co., and by them assigned to plaintiff. The complaint alleges the partnership of Hobart, Wood & Co., the marital relation of defendants, the execution and delivery of a promissory note by the husband, H. H. Kiessling, and the execution and delivery by both husband and wife of a mortgage on her property to secure this note. The mortgage was in the usual form, and contained this covenant: "And the said H. H. Kiessling and Emeline W. Kiessling, heirs, executors, and administrators, doth covenant and agree to pay unto the said parties of the second part, their executors, administrators, or assigns, the said sum of money as above mentioned."

The circuit court entered a decree foreclosing the mortgage, and giving judgment against both H. H. and Emeline W. Kiessling for any deficiency remaining after applying the proceeds of the sale of the mortgaged property to the payment of the judgment.

WALDO, C. J.— The objection to the admission of the note in evidence, now made for the first time, that the signature of the maker and of the endorsers, Hobart, Wood & Co., were not proven, not having been made when the note was offered in evidence, was waived. The evidence to impeach the mortgage on the ground of fraud in obtaining it, in this, that the mortgage did not contain important clauses of the agreement which Mrs. Kiessling supposed were included in it, is insufficient for the purpose. It is testimony which contradicts the contract. A clear case must be made out to produce that result. If the evidence in this case were sufficient for that purpose, no written contract would be safe. It is impossible with any due regard to the safety of business transactions to act upon the testimony in this case, and relieve Mrs.

---

---

Kiessling from her solemn written obligation. It is extremely doubtful if the alleged representations of Saufly amount to an estoppel, were we to take the ground that they were actually made: Big. Estop. 476. But we place our decree expressly upon the ground that the testimony is insufficient to impeach the written instrument.

There does not seem, however, anything to bind Mrs. Kiessling to a personal liability beyond the value of her property mortgaged, except the bare covenants in the mortgage. A wife's covenants, where she binds her property as security for her husband's debts, should not be construed to create a personal liability beyond the value of her property mortgaged, unless she be a party to the contract of indebtedness, which in this case she is not. To this extent, therefore, the decree should be modified. But as this point was not a ground of contention below between the parties, it seems proper that the costs should follow the decree. With this exception the decree will be affirmed.