[Filed January 25, 1887.]

## JNO. B. CREWS AND WM. A. SNIDER v. D. A. RICHARDS.

EQUITY—SUIT TO SET ASIDE DECREE.—While bills of review have been abolished by the code, it is only the form that is abolished, the substance remains; and a suit to set aside a decree may now be maintained upon the grounds which would formerly have been sufficient to maintain a bill of review.

SAME—WHEN MAINTAINABLE.—A suit to set aside a decree cannot be maintained, where it appears that the plaintiffs not only knew but could have used at the former trial the matters upon which they seek to set aside the decree, and the only ground of relief asserted is that they were misled by the allegations of the adverse party in the former suit.

UMATILLA COUNTY.    Plaintiffs appeal.    Affirmed, and bill
dismissed.

*Gearin & Gilbert*, for Appellants.

*L. Everts*, for Respondent.

LORD, C. J.—This is a suit to impeach and set aside a de-
cree of this court.    The appeal comes from a decree rendered
by the court below, on demurrer to the complaint.    The case
is reported in 11 Or. 501.    The opinion in that case shows
that the two principal facts now alleged and relied upon, viz :
the warrantee deed and notice, to produce a different result,
were then before the court for its consideration, with this dif-
ference, that both matters are now specifically set out, as they
ought to have been in the former suit.    As a reason why the
plaintiffs, then defendants, did not do this, they say that they
were misled by the allegations as to the grounds on which said
Richards was claiming the land in dispute.    There is no pre-
tense but that all the facts and the proof of them was in pos-
session of the plaintiffs during the trial of the former suit, and
could have then been made available for the defense, if they
had considered, under the allegations, that such a course had
been necessary or requisite.

But admitting the facts, as stated by the plaintiffs in their
complaint, have they stated a case which entitles them to re-
lief?    Bills of review were abolished in Oregon, but a decree
in equity may be impeached and set aside, suspended and
avoided, by an original suit.    (Code, Sec. 377.)    So too is the
writ of *quo warranto*.    It is only the form that is abolished—
the substance remains.    A suit of this kind can only be main-
tained upon similar grounds to those which would be sufficient
to maintain a bill of review, or a bill in the nature of a bill of
review.

The first ordinance of Lord Bacon, on which the whole doc-
trine of bills of review rests, directs " that no decree shall be
reversed, or altered, or explained, being once under the great

seal, but upon bill of review ; and no bill of review shall be
admitted, except it contain either error in law, appearing in
the body of the decree, without further examination of matters
of fact, or some new matter which hath arisen in time after the
decree, and not any new proof, which might have been used
when the decree was made." (Story Eq. Pl., Sec. 404.) Origi-
nally the practice was that a bill of review, or a bill in the na-
ture of a bill of review, could not be filed without previous
leave of the court.

In *Southard* v. *Russel*, 16 How. 571, Nelson, J. said : "Nor
will a bill of review lie in the case of newly discovered evi-
dence, after the publication or decree below, where a decision
has taken place on appeal, unless the right is reserved in the
decree of the appellate court, or permission be given on an appli-
cation to the court directly for the purpose. This appears to
be the practice of the Court of Chancery and House of Lords
in England, and we think it founded in principles essential to
the proper administration of the law, and to a reasonable ter-
mination of litigation between parties in chancery suits. (1
Vern. 416 ; 2 Paige, 45 ; 1 McCord, Ch. 22, 29, 30; 3 J. J.
Marsh. 492; 1 Hen. & Munf. 13 ; Mitford Pl. 88 ; Cooper Pl.
92; Story's Eq. Pl., Sec. 408.)" To obtain such leave, it was
necessary for the applicant to satisfy the court, by his affidavit
or petition, that the new matter, which might probably have
produced a different result, has been newly discovered by him,
and could not have been produced for use when the decree
was rendered. (3 Daniel's Ch. P. 1688 ; Mit. Pl. 94.) It must
disclose that the new matter is material, and would entitle the
petitioner to a decree, or would present a question of such dif-
ficulty as would render probable a determination in his favor.
(3 Daniel's Ch. Pr. 1734 ; Story's Eq. Pl. 414.) It must also
show that he could not have acquired knowledge of the fact in
time for effective use by the exercise of reasonable diligence.
The question, Lord Eldon says, always is, not what the peti-
tioner knew, but what, using reasonable diligence, he might
have known. (*Young* v. *Keightly*, 16 Ves. 350.)

In *Taylor* v. *Sharp*, 3 P. Wms. 372, the chancellor says :
"The remedy by bill of review must be either, etc., or upon

some new matter, as a release, receipt, etc., proved to have been discovered since; for unless this relief were confined to new matter, it might be made use of as a method for a vexatious person to be oppressive to the other side, and for the cause never to be at rest."

In *Carter* v. *Allan*, 25 Gratt. 241, the court say: " In the first place, the new matter must be relevant and material, and such as, if known, might probably have produced a different determination.    In the next place, the new matter must have first come to the knowledge of the party after the time when it could have been used in the cause at the original hearing. Another qualification of the rule, quite as important and instructive, is, that the matter relied upon must not only not be known, but it must be such as the party, by the use of reasonable diligence, could not have known."

" Nor is it sufficient," said Story, J., " that it—the new evidence—is such as might be argued, with more or less effect by way of presumption, against or in favor of the former testimony.    But it should go further, and demonstrate that consistently with it the decree ought not to stand."    (*Jenkins* v. *Eldridge*, 3 Story, 299.)

" And this," said Moncure, J., " is necessary, even in an ordinary case of a bill of review of a decree of the same court in which the bill is filed, on the ground of new matter.    A *fortiori* it must be necessary, when the object is to reverse a decree of the court of appeals, in favor of the finality of which there are so many reasons founded on public policy and convenience."    (*Campbell* v. *Campbell*, 22 Gratt. 649; see, also, *Beard* v. *Burts*, 95 U. S. 436; *Brainard* v. *Morse*, 47 Vt. 320; *Rubber Co.* v. *Goodyear*, 9 Wall. 805; *Whiting* v. *Bank*, 13 Peters, 6; *Todd* v. *Chipman*, 62 Me. 189; *Kinsell* v. *Feldman*, 28 Iowa, 497; *Dexter* v. *Arnold*, 5 Mason, 312; *Brewer* v. *Bowman*, 3 J. J. Marshall, 492; S. C. 20 Am. Dec. 158, and notes.)

Now it is perfectly clear—indeed, it is admitted—that the plaintiffs not only knew, but could have used the matter at the formal trial, which they are now urging as constituting a sufficient ground to set aside a decree of this court.    There is

no claim that it is new matter, or newly discovered evidence ; only that they were misled by the allegations in the former suit, and did not consider it necessary or essential to offer it. But the fact is, the court did consider the matter in respect to the deed with covenants of warranty, and the allegations in respect to notice only invite cumulative proof, and are in no sense new matter. There never could be an end to litigation, if, under such circumstances, a party should be allowed to impeach a decree and set it aside. The policy of the law is not to protract, but to end litigation.

" The rule is inflexible, and rests in the soundest public policy, that parol cumulative testimony to a fact in issue in an original cause cannot be the foundation of a bill of review. To allow such testimony would invite the greatest abuse—nay, sometimes subornation of perjury—and would tend to almost endless litigation. *Interest republicæ ut sit finis litium.*" (Stone, J., in *McDougal* v. *Dougherty*, 39 Ala. 409.)

It is true, as claimed by the counsel for plaintiffs, that the granting of a bill of review rests in the sound discretion of the court; but the authorities show that it may be refused, although the facts, if admitted, would change the decree, where the court, looking at all the circumstances, deems it productive of mischief to innocent parties, or from any other good cause. To authorize this, a court of equity, to exercise its jurisdiction when it is proposed by an original suit to impeach a decree, all the facts and their averment necessary to bring the case within the rule must be disclosed. Otherwise the court has no power to act, or exercise its jurisdiction. In a word, it can only act when a proper case is brought before it for the exercise of its jurisdiction. The repose of society demands that when a litigation has ended by a final judgment it shall not be reopened, except within the salutary principles established and illustrated by the authorities cited. And this applies all the more strongly, and if anything, should be more strictly enforced, as to the decree of this court. (*Knox* v. *Knox*, 17 S. C. 210.)

The decree of the court below is affirmed, and the bill dismissed.