HOWARD V. LEVERING.

1. SHERIFF NOT A PROPER PARTY TO SUIT TO ENJOIN EXECUTION.

In a suit to enjoin the collection of an execution from another county on a fraudulent judgment, the sheriff holding the execution is not a necessary or proper party, except as provided in sec. 5015, Rev. Stat.

2. IMPROPER PARTIES NEED NOT BE INCLUDED IN PETITION IN ERROR.

As an improper or unnecessary party to an action need not be made a party to a petition in error to reverse the judgment, the sheriff, if joined in the court below, need not be joined in the error proceeding.

3. NON-RESIDENT DEFENDANT MAY QUESTION JURISDICTION IN ANSWER.

Where a defendant is served with process in a county other than that in which suit is brought, the question of the jurisdiction of the court over him may be raised by answer.

4. IF NOT PROPERLY RAISED WILL BE WAIVED.

In a proceeding in error, the question of a defect in parties must be raised by a proper pleading, or it will be deemed waived.

**5. Relief must be Based upon the Petition.**

The nature of the relief demanded must be determined from the allegations of the petition.

**6. Actions to Quiet Title must Describe the Real Estate.**

A petition to enjoin an execution as creating a cloud on title cannot be treated as one to quiet title where it does not describe the land.

Error to the Court of Common Pleas of Miami county.

In this case, in the court below, a petition was filed January 16, 1893, by the defendant in error against the plaintiff in error, and T. A. Ashworth, sheriff of Miami county, alleging in substance that the plaintiff in error on November 23, 1892, recovered a judgment in the court of common pleas of Marion county, Ohio, against the defendant in error upon a promissory note with a warrant of attorney thereto, issued execution thereon to the sheriff of Miami county, who had levied the same upon the real estate of defendant in error in Miami county, and that said sheriff was about to sell the same; that defendant in error never executed said note, had no notice or knowledge of the taking of said judgment, was not served with process, and did not authorize any attorney to enter his appearance in said action or confess judgment for him; that his name if it appears on said note, is a forgery, and said plaintiff in error knew that fact when he caused judgment to be entered thereon; and closing with the averments that:

"The defendants are about to sell plaintiff's said land under said execution, and will, unless restrained by this court, proceed to sell the same thereunder, and will thereby cast a cloud on his title thereto, and do him great and irreparable damage, injury and wrong."

And praying that an injunction might issue staying the enforcement of the execution, which, on final hearing, might be made perpetual. To this petition the plaintiff in error filed an answer, alleging that "limiting his appearance to the filing of this answer," the court ought not to take further cognizance of this action, because at the time of its commencement, and at the time of serving the summons herein, he was, ever since has been, and still is, a resident of Crawford county, Ohio, in which county the summons was served on him, and not in Miami county; and that the sheriff of Miami county is improperly joined as a defendant, and is not a proper party to an action against him upon the causes of action set forth in a petition, and "prays judgment as to whether the court will take further cognizance of this action."

To this answer a general demurrer was sustained by the court below, and a decree entered as prayed for in the petition, and for error in sustaining this demurrer, this court is asked to reverse that judgment.

Stewart, C. J.

The question presented by this record is whether a defendant, not a resident of the county in which a suit is brought to enjoin the collection of a judgment obtained by fraud, may be served with process in the county of his residence, and held to answer in such suit if the sheriff of the county in which the suit is brought, holding an execution issued on said judgment, is made a party; said judgment having been obtained by confession upon a warrant of attorney in a county other than that in which the suit is brought and that in which the judgment creditor resides.

The rule of the code is that, except in certain specified cases every action must be brought in the county in which the defendant resides or may be summoned. Section 5031, Rev. Stat. This is the subject to the qualification that when an action is rightly brought in any county, in accordance with the provisions of chapter five of title one, division two of part third of the Revised Statutes, a summons may be issued to any other county against one or more of the defendants at the plaintiff's request. Section 5038, Rev. Stat.

This privilege of requiring parties to answer to a suit in a county other than that in which they live or may be served, is only given where a suit

*is rightly* brought in the county from which the process issues, and our Supreme Court has in several cases construed this section.

"In order to give the court of common pleas jurisdiction in an action against a defendant resident and served with process in another county than that in which the suit is brought, under the 53d and 58th sections of the code (now sections 5031 and 5038,) the other defendant or defendants resident or served with process in the county in which the suit is brought, must have a real and substantial interest in the subject of the action adverse to the plaintiff, and against whom substantial relief is sought." *Allen* v. *Miller*, 11 O. S., 374; *Thompson* v. *Massie*, 41 O. S., 317.

"It is not within the power of a plaintiff to compel parties residing out of the county where suit is brought, to answer out of their own county, by uniting with them a merely nominal party, or one not rightly joined with them as a defendant." *Per* Johnson J., in *Drea* v. *Carrington*, 32 O. S., 603.

From these decisions it is clear that, unless the sheriff of Miami county had a real and substantial interest in the subject of the action, adverse to the plaintiff below, and was rightly joined as a defendant with the plaintiff in error, jurisdiction over the plaintiff in error could not have been obtained by the service of a summons upon him in Crawford county. The sheriff of Miami county is bound to execute all process placed in his hands, and has no more interest in any particular case than the clerk who issues the writ. He is an officer of the law fulfilling his duty, and he is neither a 'proper nor a necessary party in a suit brought to enjoin the enforcement of a judgment by sale or otherwise, by virtue of an execution in his hands. *Olin* v. *Hungerford*, 10 O., 268; *Allen* v. *Medill*, 14 O., 445.

The doctrine laid down in these two cases has never been doubted in this state, and upon principle it is right. An injunction against the creditor's enforcing the judgment is the relief sought, and such injunction would through him bind all the officers of the law who might be called on to assist in the collection of the judgment; but he is not bound by an injunction against the sheriff, from issuing another execution or taking other means to collect his judgment, and such injunction does not and cannot give to the judgment debtor the relief he prays for in his petition. To hold otherwise would permit a plaintiff to compel a non-resident defendant to answer in a suit by making one who was an improper party a defendant in the suit.

The last of these decisions was announced in 1846, and in 1859 the legislature enacted (2 S. & C., 1172) what is now sec. 5015, Rev. Stat., providing that when the judgment creditor "is a non-resident of the state, or has left the same to avoid the service of summons or order of injunction, or so conceals himself that process cannot be served upon him," an officer holding an execution may be joined with such judgment creditor in an action to restrain the collection of the judgment and service may be made on the creditor by publication. Certainly the legislature was aware at the time of the passage of this act of the decisions above quoted, and therefore deemed it necessary to provide specially that in certain cases the officer might be joined. *Expressio unius exclusio alterius.* Another question would arise if any claim was made that the sheriff was acting in collusion with the judgment creditor.

In *Darst* v. *Phillips*, 41 O. S., 514, the only question involved was whether the remedy afforded by sec. 5354, Rev. Stat., was exclusive or cumulative; no question of the jurisdiction of the person was involved or decided. Indeed, it appears from the brief of counsel for the defendant in error that the judgment creditor resided in the county in which the suit was brought.

It is claimed in argument that the plaintiff in error waived the defect in the service of the summons by filing an answer. We do not see how he could have raised the question of jurisdiction in any other way. The record undoubtedly showed that the plaintiff in error was served in Crawford county, but that did not appear upon the face of the petition, and it was therefore proper to raise the question by answer. *Drea* v. *Carrington, supra.*

The voluntary appearance of the defendant for the sole purpose of objecting to the mode or manner of service is not equivalent to service within the rule laid down in sec. 5043, Rev. Stat., McIlvaine, J., *Handy* v. *Ins. Co.*, 37 O. S. 369. He was right in his claim that the sheriff was improperly joined with him in the action, and while such a plea was perhaps unnecessary, it was not a plea to the merits, and therefore did not constitute a waiver of service of summons.

It is also suggested in argument, although not brought into the record by any pleading in the case, that there is a defect of parties in that the sheriff of Miami county ought to be joined either as plaintiff or defendant in error, as the judgment in the court below was against the plaintiff in error and T. A. Ashworth, as sheriff.

In the present state of the decisions of the Supreme Court as to what proper practice and the statute require as to making parties in proceedings in error, it is difficult to follow them to any certain result. But on general principles it seems to us that it must be apparent that there can be no necessity for joining, in a proceeding in error, one who was an unnecessary and improper party in the court below.

It is settled in this state that sec. 5062, Rev. Stat., which provides that a defect of parties, plaintiff or defendant, is a ground of demurrer, and sec. 5064, which provides that where no objection, either by demurrer or answer, is taken upon that ground the same shall be deemed waived, apply by analogy to proceedings in error. *Ins. Co.* v. *Goodin*, 10 O. S., 557; *Cairnes* v. *Knight*, 17 O. S., 68; *Bank* v. *Green*, 40 O. S., 431; *Waugerien* v. *Aspell*, 47 O. S., 250.

Certainly no court would be so unmindful of its duties as to allow a wrong judgment to stand for such a technical defect as here urged unless the point was made in the manner prescribed by law. The only parties in interest are before the court, and if the sheriff ought to have been joined, it is by reason of the merest technicality.

A further claim is made that this case falls within the purview of secs. 5022, 5038 and 5779, Rev. Stat., because the plaintiff below alleged that the enforcement of the execution in the hands of the sheriff would result in a sale of his real estate, and thereby cast a cloud on his title. This, it is claimed, makes out a case for the quieting of his title to real estate situated in Miami county, and is therefore rightly brought in that county.

No such relief is sought by any of the allegations of the petition below, and certainly no such relief could be granted, even under the liberal rules in regard to pleading under the code, where the plaintiff does not allege that he is in possession and does not give any pertinent or definite description of his land upon which such a decree could operate. But a careful examination and analysis of his petition clearly shows that he does not ask any relief, except an injunction against the enforcement of the judgment described in his petition.

The judgment of the court of common pleas will be reversed, the demurrer overruled, and this court proceeding to render the judgment the court below ought to have rendered, the action will be dismissed at the costs of the defendant in error.

*O. W. Aldrich* and *J. W. Coulter*, for plaintiff.
*Byrkett & Gilbert*, for defendant.