Decided at PENDLETON, July 20, 1895.

## CAMPBELL *v.* SNYDER.

[41 Pac. 659.]

27  249
d36  397

1. BILL OF REVIEW — CODE, ¿ 381.— In Oregon an original suit in the nature of a bill of review will probably lie under section 381, Hill's Code, to correct errors of law appearing on the face of the decree sought to be reviewed: *Heatherly* v. *Hadley*, 4 Or. 7; *Crews* v. *Richards*, 14 Or. 442, cited.

2. LIABILITY OF WIFE ON MORTGAGE COVENANTS.— It seems probable that in Oregon a wife cannot be held personally liable for a mortgage debt, unless she was a party to the contract whereby the indebtedness was created, although she may have signed the mortgage, which, besides the original contract, contained a further and additional covenant to pay the entire indebtedness: *Knoll* v. *Kiessliny*, 23 Or. 8, cited.

APPEAL from Umatilla: JAMES A. FEE, Judge.

This is an original suit in equity by Mrs. Harriet Campbell against Edward Snyder to set aside and cancel a certain judgment, taken against her some four years ago under the following circumstances: Charles H. Campbell, the husband of the plaintiff, executed several notes to Snyder, and secured them by a mortgage on certain real property, but whether this was his property or his wife's does not appear on the record. Mrs. Campbell did not sign any of the notes, but joined with her husband in signing and executing the mortgage, which contained this clause, viz.: "And the said Charles H. Campbell and Harriett Campbell, —— heirs, executors and administrators, do covenant and agree to pay unto said party of the second part, his executors, administrators, or assigns, the said sum of money above mentioned." The notes not being paid, Snyder began foreclosure proceedings, praying a personal judgment against the defendants severally for the entire debt. Both Campbell and his wife were personally served, but suffered default, and judgment was entered as claimed.

27 OR.— 32.

Mrs. Campbell now claims that under these facts she assumed no personal liability by signing said mortgage, notwithstanding the covenant above recited, and that she only pledged her right to and interest in the land for the payment of her husband's debt.    Snyder demurred to the bill for the reason that the court had no jurisdiction over the subject matter, and that the complaint did not state a cause of suit.    This demurrer was sustained, and plaintiff appealed.                              REVERSED.

For appellant there was a brief by *Messrs. Bailey, Balleray and Redfield,* and an oral argument by *Mr. John J. Balleray.*

No brief or argument for respondent.

PER CURIAM.    There are two very important questions suggested by this appeal: *First,* whether under our statute a bill of review will lie for error of law apparent upon the face of the decree sought to be reviewed; and, *second,* whether the covenant of a married woman, in a mortgage of her property to secure a note of her husband, to pay the mortgage debt creates a personal liability against her, she not being a party to the contract whereby the indebtedness was created.    From *Heatherly* v. *Hadley,* 4 Or. 7, *Crews* v. *Richards,* 14 Or. 442, and *Knoll* v. *Kiessling,* 23 Or. 8, (35 Pac. 248,) it seems that the first of these questions should be answered in the affirmative and the second in the negative, but not having the benefit of a brief or argument for respondent in this case, and believing the conclusions reached not entirely free from doubt, either or both questions must be considered as open for reëxamination in the future, should they become important.    The decree of the court below is reversed, and a decree will be entered here as prayed for in the complaint.

                                        REVERSED.