IN THE

# SUPREME COURT

OF THE

## STATE OF OREGON.

Decided 12 December, 1904.

### SMITH v. NELSON.

78 Pac. 740.

FACTS BEFORE THE COURT.

1. In a suit to cancel a decree against plaintiff for the amount due on a note, as a cloud on the title to his realty, and to enjoin its enforcement, evidence examined, and *held* sufficient to show that defendant, at the time of the assignment by plaintiff of a mortgage securing the note, entered into an agreement in writing to indemnify plaintiff against the payment of the note, as a consideration of plaintiff's assignment of the mortgage.

SUIT TO CANCEL A DECREE—BILL OF REVIEW.

2. A suit to cancel a decree against plaintiff for the amount due on a note, as a cloud on the title to his realty, and to enjoin its enforcement, on the ground that defendant had agreed with plaintiff to indemnify him against the payment of the note, as a consideration of plaintiff's assignment of the mortgage securing the note, is not in the nature of a bill of review, within B. & C. Comp. § 391, abolishing that form of suit.

SUIT TO CANCEL A JUDGMENT AND DECREE.

3. Plaintiff executed as surety a note, which was delivered to defendant, but plaintiff gained possession of the mortgage given by the principals to secure the note. The mortgage was assigned by the plaintiff on defendant's agreeing to indemnify the plaintiff against the payment of the note. The note and mortgage fell into the hands of a bona fide holder, who sued the plaintiff and the principals in the note and mortgage, and obtained a decree of foreclosure. Subsequently the holder of the decree assigned it, partially unsatisfied, to the defendant, who was not a party to the foreclosure proceeding. *Held*, that plaintiff was entitled to sue to cancel the decree in the hands of defendant, as a cloud on plaintiff's title and enjoin its enforcement.

AGREEMENT VOID AS AGAINST PUBLIC POLICY.

4. A contention that as the arrangement whereby the mortgage was executed was entered into to avoid the payment of taxes on the mortgage, it constituted a fraud on the public, and that therefore the suit could not be maintained, is untenable, it appearing that the note was taxable; and hence there could have been no avoidance of taxes due the county, even though no taxes were collectible on the mortgage.

From Umatilla: WILLIAM R. ELLIS, Judge.

Suit by E. L. Smith against A. Nelson and the sheriff of Umatilla County to enjoin a sale under a decree. From an order granting the desired relief defendants appeal.

AFFIRMED.

For appellant there was a brief over the names of *Oscar Cain, Hailey & Lowell,* and *Dan P. Smythe,* with an oral argument by *Mr. Cain* and *Mr. Stephen A. Lowell.*

For respondent there was a brief over the names of *James A. Fee* and *Carter & Raley,* with an oral argument by *Mr. Charles H. Carter* and *Mr. Fee.*

MR. JUSTICE WOLVERTON delivered the opinion of the court.

This suit is based upon the following facts: On November 22, 1892, one J. F. Carrier borrowed of Nelson $1,000, for which he, together with his wife and the plaintiff, E. L. Smith, executed their joint and several promissory note, payable twelve months after date. The note calls for $1,050, but $50 was included to cover some expenses in the negotiations. Smith signed the note as security—whether at the instance of Carrier or Nelson, there is a dispute; Smith testifying that it was at the instance of Nelson alone, and for the purpose of relieving Nelson from the payment of taxes on the mortgage, and Nelson affirming that it was at the instance of Carrier, and that the mortgage was given to Smith solely by arrangement between him and Carrier. But however this may be, the mortgage was delivered to Smith, not to Nelson, and so remained in his possession until September 2, 1895, when it was assigned by Smith to B. F. Fish. Before the maturity of the note, Nelson indorsed it to the Baker-Boyer National Bank of Walla Walla as security for the payment of a loan made to him by the bank, and subsequently the mortgage came into the bank's hands, and on September 18, 1895, it instituted a suit against the Carriers and Smith and others, but not making Nelson a party, to foreclose, and later obtained a decree against the Carriers and Smith for the amount due on the note, and for a sale of the mortgaged property. The sale having been had, and the proceeds applied, there was left a large deficiency under the decree due from the Carriers and Smith to the bank, which decree was assigned by the bank to Nelson. Smith alleges in the present suit that, at the time the mortgage was assigned by him to Fish, Nelson agreed to indemnify him against the payment of the note, or

any part thereof, as a condition and consideration for such assignment, and based upon this agreement, principally, he seeks to have the decree canceled as against him as a cloud upon the title to his realty, and to enjoin its enforcement by execution and order of sale.

1. The evidence shows to our entire satisfaction, that such an agreement was entered into in writing, although it has since been lost. Smith testifies to it, giving a clear statement concerning it; and one of the subscribing witnesses corroborates him to the extent that two instruments were executed at the time the assignment of the mortgage was made to Fish—one by Smith to Fish, and another executed by Nelson to Smith—the purport of which he could not state. Nelson denies emphatically that he ever agreed to indemnify Smith against the payment of the note, or that he ever entered into any writing to that effect, but we think he must be mistaken. The inherent nature of the transaction is in refutation of his testimony, and subsequent transactions between him and Smith tend strongly to discredit him, so we are convinced that Smith's rendition of the transaction is the true one.

2. Now, in the light of these facts, is plaintiff entitled to recover by the form of suit instituted? and this presents about the only legal question involved.

It seems to be insisted by Nelson, who is the appellant here, that the suit is in the nature of a bill of review to impeach the proceedings in the Baker-Boyer National Bank suit against the Carriers and Smith to foreclose, and that it cannot be maintained under the facts. But such, in our opinion, is not the nature of the case. A bill of review, under the old practice, was employed to revise or modify a decree that had been signed and enrolled, and this for errors in law apparent upon the face of such decree, or on account of newly discovered facts, unknown to the parties seeking relief at the time of the rendition of the decree, and which could not by the exercise of due diligence have been ascertained or then utilized: 2 Beach, Mod. Eq. Prac. § 852; Bouvier, Dict. tit. "Bill of Review"; *Griggs* v. *Gear,* 3 Gilman (Ill.), 2; *Smythe* v. *Fitzsimmons,* 97 Ala.

451 (12 South. 48, second case). This form of suit is now abolished by our statute (B. & C. Comp. § 391), but an original suit may be maintained to set aside a decree for any of the causes that would formerly have sustained the bill of review: *Crews* v. *Richards,* 14 Or. 442 (13 Pac. 67) ; *Hilts* v. *Ladd,* 35 Or. 237 (58 Pac. 32). The present suit is not one to impeach the decree rendered in the original cause, but to set it aside in the hands of Nelson, an entire stranger thereto, as a cloud upon the plaintiff's title, and to enjoin him from enforcing collection against plaintiff by means of execution and order of sale.

3. The plaintiff had no defense to the note in the hands of the bank, an indorsee before maturity, nor could he have interposed any defense therein as against Nelson, because Nelson was not a party, either as plaintiff or defendant, so that plaintiff could have no relief whatever in that proceeding. But when the partially unsatisfied decree came into the hands of Nelson, plaintiff was entitled to have it satisfied, for the very good reason that Nelson had promised to indemnify him against the note upon which the decree was founded. The obligation of indemnity was one that Nelson had not fulfilled, and, if plaintiff had been compelled to pay the note or the decree to the bank, he would have had a clear remedy over against Nelson. But the decree having come into the hands of Nelson, the law does not require any such circuity of action that plaintiff must pay to Nelson, and then resort to an action to recover back. He might, as he has done, resort at once to equity to have the decree canceled as a cloud upon his title, and as an instrument of unjust oppression in the hands of Nelson. Not having had his day in court with Nelson in the suit by the bank, he is entitled to it now, and to have the relative rights of the respective parties determined and settled.

4. The defendant further insists that the arrangement whereby the mortgage was executed was entered into for the purpose of avoiding the payment of taxes upon the mortgage. But this objection is without force, for, if there were no taxes collectible

upon the mortgage given as indemnity, the note was taxable, and the result is that there was no avoidance of taxes due the county, and therefore no fraud upon the public.

These considerations affirm the decree of the court below, and it is so ordered. AFFIRMED.