Argued February 19, decided February 25, 1913.

## In re SEIDEL'S ESTATE.
### SEIDEL *v.* CHICK.

(130 Pac. 53.)

Guardian and Ward—Sales—Opening and Vacating.

1. Where a county court's order confirming a guardian's sale was not directly attacked by an appeal therefrom or a suit in equity to vacate it, the purchaser could not, on appeal from the denial of a motion to vacate it, attack its validity on the ground that the guardian was not present in the State, did not exercise any supervision over the sale, and that a second resale was unauthorized by law.

Courts—Jurisdiction of County Courts—Guardians' Sales—Opening and Vacating.

2. A suit to vacate an order of the county court confirming a guardian's sale must be brought in the circuit and not in the county court, since the county court has no equitable jurisdiction, and exhausts its power in the proceeding to sell when it confirms the sale.

Guardian and Ward—Sales—Opening and Vacating.

3. Under Section 1357, L. O. L., requiring guardians to proceed in the matter of sales like executors and administrators, and Section 1258, requiring in the case of executors or administrators a return to be made within 10 days after the sale, and allowing 15 days thereafter for urging objections against the confirmation of the sale, a purchaser who did not appear in the county court prior to the confirmation waived his objections to the sale, and could not maintain a motion to vacate the confirmation decree.

Sig. 11

**New Trial—Statutory Provisions.**

4. The provisions of Sections 173-178, L. O. L., prescribing the method of obtaining a new trial, are not applicable to suits in equity.

From Lane: LAWRENCE T. HARRIS, Judge.

Statement by MR. JUSTICE BURNETT.

This is a proceeding by Emma Seidel, guardian of Ida E. Seidel, Charles A. Seidel and Nellie Hazel Seidel, for the sale of certain lands belonging to her wards.

Acting in pursuance of Section 1359 *et seq.*, L. O. L., relating to sales by foreign guardians of the lands of their wards situated in this State, Emma Seidel, a Missouri guardian of her minor children, residing in that State but owning land in Oregon, procured from the county court of Lane County a license under date of July 8, 1910, authorizing her to sell the interest of her wards in certain lands situated in that county. She afterwards reported a sale of the premises to David and H. C. Auld for $3,010. On the representation of Charles H. Chick that he would pay 10 per cent advance on the sum realized at this sale and his deposit of $325 in court, the county court on September 30, 1910, vacated this sale, and directed the guardian to sell the property again. At the second sale Chick was the successful bidder at $3,311. On December 30, 1910, the second sale was vacated on the strength of H. C. Auld's deposit of $375 in court, and his representation that he would pay 10 per cent advance on the bid of Chick. On February 1, 1911, the land was sold at public auction to Chick for $6,100. Two reports identical in terms were made concerning this sale. One sworn to by the attorney for the guardian was filed on February 3, 1911, and in pursuance of this report the sale was confirmed by an order made by the county court February 18, 1911, and the other verified by the guardian in Missouri, filed February 11, 1911, in pursuance of which the sale was again confirmed March 29, 1911. No

objection to these orders of confirmation were made by any one in any manner except that on April 14, 1911, Chick appeared and filed a motion in the county court "based upon a petition and the proceedings already had to vacate and set aside the second resale to him on the ground that the same was illegal, invalid, and that he would gain no title to the premises thereunder because the guardian was not present in the State at the time of the sale, did not exercise any supervision thereof, and because the second resale was unauthorized by law, the power of resale having been exhausted by the first resale." The county court denied this motion, and Chick appealed from the order thereon to the circuit court for Lane County. On August 12, 1911, the court, after making sundry recitals from the record, denied the petition of Chick, and affirmed the orders of the county court. On September 5, 1911, Chick filed a motion in the circuit court to vacate the decree of that tribunal and to permit him to offer proof to show that the guardian, Emma Seidel, was not within the State of Oregon when the second sale was made, and supported his motion by an affidavit of one of his counsel. On January 2, 1912, the circuit court denied this motion to vacate its decree. Chick has appealed from both rulings of the circuit court.

AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. R. Sleight.*

For respondent there was a brief over the names of *Messrs. Boothe & Richardson,* with an oral argument by *Mr. J. F. Booth.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1. The county court was a tribunal of competent original jurisdiction in the matter under consideration. Both the persons and the subject-matter involved were properly within its control by virtue of proceedings al-

ready had.  It therefore had the power to decide rightly or wrongly in the matter of the confirmation of the sale of the property to Chick for $6,100.  Conceding, without deciding, that Chick had a right to appeal from this order of confirmation, he did not exercise this right, but appealed only from the decision of the county court denying his motion.  He thus abandoned one of the methods of direct attack upon the order confirming the sale.

2.  The only other method of direct attack upon the confirmation was by an original suit based upon some ground of equitable cognizance.  So far as the disposal of the property was concerned, the county court had exhausted its power, and was *functus officii* when it confirmed the sale.  Although the mode of proceeding in that court is in the nature of that in a suit in equity as distinguished from an action at law that tribunal has no authority to entertain an original suit in equity, that being an exclusive prerogative of the circuit court, barring exceptions authorizing this court to assume original jurisdiction under Section 3, Article VII, of the Constitution of Oregon.  *Richardson's Guardianship*, 39 Or. 264 (64 Pac. 390).

3.  By Section 1357, L. O. L., guardians are required to proceed in the matter of sales like executors and administrators whose duties in that respect are, in turn, prescribed by Section 1258, L. O. L.  This section requires a return to be made within 10 days after the sale, and allows 15 days from the filing of the return for urging objections against the confirmation of the sale.  If Chick had a right to object to the sale, his time to do so was within those 15 days.  Not having thus appeared in the county court at any time prior to the confirmation of the two reports of sale referred to, he must be deemed to have waived any objections to the sale so far as the county court is concerned.  His motion to overturn the confirmation decree came too late in that court and cannot affect the proceedings.

4.  It was tantamount to a motion for a rehearing on the application to confirm the sale, but no provision for motions for new trial is made in the general statutes relating to equitable procedure.  Many sections and chapters of the code relating to actions at law are made applicable to suits in equity, yet Chapter 8 of Title II of the Code of Civil Procedure (Sections 173-178, L. O. L.), prescribing the method of obtaining a new trial, is not among them.   The situation is that a county court, a tribunal of original jurisdiction, over the persons and subject-matter in question rendered a decree of confirmation which is not assailed by appeal or by an original suit in equity to set it aside.   The decree is therefore valid as against all attacks in the procedure before us.

We affirm the decree of the circuit court sustaining the orders of the county court.                AFFIRMED.