Argued April 7, modified May 31, 1927.

## CHRIS. LACHELE ET AL. v. OREGON REALTY EXCHANGE INVESTMENT CO.

(256 Pac. 646.)

**Appeal and Error—Sufficiency of Set-off not Tested by Demurrer or Motion Need not be Considered.**

1. Sufficiency and validity of separate defense and set-off need not be considered, where they were not tested by demurrer or motion and issue was joined by reply.

**Equity—Statute Relative to New Trials Held not to Apply to Suits in Equity (Or. L., § 174).**

2. Section 174, Or. L., relative to causes for new trial, does not apply to suits in equity.

Mortgages — New Trial Held Improperly Granted for Excessive Amount of Decree, Where Plaintiff had Filed Remittitur—Correction Alone Being Proper.

3. Fact that amount of decree in foreclosure suit was excessive did not warrant granting motion for new trial, where plaintiff had promptly filed *remittitur* on discovery of mistake; proper practice being merely to correct decree and deny motion for new trial.

Mortgages—Defeat of Plaintiffs in First Foreclosure Suit and on Appeal Did not Warrant Reducing Attorney's Fee in Second Suit, After Its Allowance at Trial.

4. Fact that plaintiffs had been unsuccessful in former suit to foreclose mortgage at trial and on appeal did not warrant reduction of amount of attorney's fee after its allowance on trial of second foreclosure suit, where evidence in first suit was conflicting and it did not appear appeal was taken in bad faith.

Mortgages—Reasonableness of Attorney's Fee and Costs Could not be Determined on Second Trial of Foreclosure Suit, Where not Brought to Court's Attention by Motion.

5. In second trial of suit to foreclose mortgage, question as to propriety of amount of attorney's fee and costs originally allowed was not properly before court for determination, where not contested or pointed out by motion for new trial.

Equity—Motion to Vacate Decree Presents Only Matters Contained Therein for That Purpose.

6. Motion to vacate decree for errors or to correct errors or for rehearing brings before court only such matters as are contained in motion or petition for purpose of having decree vacated.

Equity—Effect of Bill of Review is Obtained by Motion to Correct Obvious Mistakes or by Original Suit (Or. L., § 390).

7. Though form of bill of review has been abolished by Section 390, Or. L., result of bill is obtained upon application by motion or petition to correct obvious mistakes or by original suit, where error is not apparent on record.

Costs—Court's Discretion Does not Extend to Modification of Costs Allowed in Former Decree, Unless Matter is Put in Issue by Application for Rehearing (Or. L., § 567).

8. Discretion reposed in court of equity with regard to costs by Section 567, Or. L., does not authorize modification of former decree as to costs, unless matter is put directly in issue by application to rehear case.

Costs—Discretion Given Equity Court in Regard to Costs is not Arbitrary.

9. Discretion confided in equity court in regard to costs is not arbitrary but legal discretion.

3. Power of trial court to cure an excessive verdict by requiring or permitting a reduction, see note in 39 L. R. A. (N. S.) 1064.
6. See 10 R. C. L. 571–577.
9. See 7 R. C. L. 784.

Mortgages—Modification of Decree in Foreclosure Suit as to Attorney's Fees and Costs Held Abuse of Discretion Where not Sought by Motion.

10. In second trial of mortgage foreclosure suit, modification of original decree as to attorney's fee and costs *held* abuse of discretion, where such modification was not sought by motion or petition.

Costs, 15 C. J., p. 34, n. 48, 49, 51, p. 117, n. 23.
Equity, 21 C. J., p. 701, n. 53, 56, p. 714, n. 51.
Judgments, 34 C. J., p. 241, n. 38.

From Marion: L. H. McMahan, Judge.

Department 1.

This suit was instituted to foreclose a mortgage securing a note for the principal sum of $250. The suit was first tried by the late Judge George G. Bingham. A decree was entered by Judge Bingham on the twenty-third day of August, 1924. The court adopted as a conclusion of law that plaintiffs were entitled to a decree against defendant for the sum of $3,147.50, with interest thereon from that date until paid at the rate of 7 per cent per annum, the sum of $250 attorney's fee and costs and disbursements. In the decree judgment was entered for the sum of $3,397.50 with interest thereon from the date thereof at the rate of 7 per cent per annum, and for costs and disbursements. Following the entry of the decree defendant moved for a new trial alleging five different grounds: First, misconduct of the prevailing party in not introducing certain evidence given in a former trial for the foreclosure of the same mortgage; second, accident and surprise which ordinary prudence could not have guarded against; third, newly discovered evidence; fourth, insufficiency of the evidence to justify said findings and decree and because the same are contrary to the evidence and against law; fifth, error occurring in the trial and excepted to by the defendant. The execution theretofore issued upon said decree was recalled on October 2, 1924, and further proceedings

under the decree stayed until the next term of the Circuit Court upon a motion of defendant because the amount of the judgment exceeded the correct amount by $173.57. Before further proceedings were had under said decree the said Judge BINGHAM died and Honorable L. H. McMAHAN was appointed to succeed him. The motions, then, to quash the execution and for new trial were granted on the twentieth day of October, 1924. At the new trial the case was heard upon the evidence theretofore taken and additional evidence adduced by the parties. The cause was retried on the 2d and 3d of February, 1925, and resulted in a decree in favor of the plaintiffs for the sum of $3,073.50. Plaintiffs were allowed the sum of $100 as attorney's fee, but were denied costs and disbursements in the following language:

"That plaintiffs are not entitled to either costs or disbursements herein, for the reason that they tried to foreclose this mortgage in a former case, when they knew, or should have known, that they had neither legal nor moral grounds therefor."

The former case referred to in the decree was appealed to this court and the opinion is found in 110 Or. 693 (224 Pac. 87).

The complaint is the ordinary complaint for the foreclosure of a real estate mortgage. Defendant admits the execution of the mortgage, denies that the note secured thereby has not been paid and denies the amount asked for by plaintiffs is a reasonable attorney's fee. For a further and separate answer and set-off defendant alleges an agreement between the plaintiffs and defendant whereby the former agreed not to appeal the case reported in 110 Or. 693, above, and the payment to plaintiffs of interest in advance for six months. In further consideration of said payment of interest defendant

avers plaintiffs agreed to assist defendant to consummate a sale of part of the premises covered by said mortgage. Defendant further alleges that it contracted for a sale for a sum in excess of amount due to plaintiffs and would have been able to pay plaintiffs the amount due on the note secured by said mortgage prior to the maturity thereof, but that plaintiffs in violation of their agreement not to appeal did appeal to this court and thereby prevented defendant from making said sale to defendant's damage in the sum of $3,280, which sum exceeds the amount due on plaintiffs' note against defendant. The answer also alleges that the former suit instituted by the plaintiffs against the defendant to foreclose said mortgage and hereinbefore referred to was begun and prosecuted maliciously and without probable cause, but for the purpose of annoying, harassing and harming the defendant. Defendant further alleges that plaintiffs are insolvent and have not sufficient property not exempt from execution other than said mortgage out of which defendant could secure satisfaction of its said claim for damages. The plaintiffs replied to said further and separate answer and the case went to trial on the issues thus joined. Upon the discovery of the error in the amount of the judgment rendered August 23, 1924, plaintiffs promptly filed a *remittitur* to correct the error made in computation of amount due and incorporated in that decree. The defendant appeals from the decree foreclosing the mortgage and disallowing defendant's claim for damages. Plaintiffs appeal from the decree reducing the amount of attorney's fee allowed plaintiffs from $250 to $100 and denying to plaintiffs costs and disbursements.

MODIFIED.

For appellant there was a brief over the name of *Mr. Will E. Purdy,* with an oral argument by *Mr. R. H. Bassett.*

For respondents there was a brief over the names of *Mr. S. M. Endicott* and *Mr. W. C. Winslow,* with an oral argument by *Mr. Winslow.*

COSHOW, J.—1. The further and separate defense and set-off presented by the defendant was not tested either by demurrer or motion. Issue was joined thereon by a reply. For that reason we are not required to pass upon either the sufficiency or validity of setting up an action for malicious prosecution as a counterclaim to a complaint containing the ordinary allegations for the foreclosure of a real estate mortgage given to secure an ordinary promissory note. We seriously doubt that the allegations in the answer constitute a counterclaim to the complaint.

2, 3. The motion for a new trial filed by the defendant was evidently filed under Section 174, Or. L. Five of the causes enumerated in that section are incorporated in the motion for a new trial in the language of the statute. Said Section 174, Or. L., is not applicable to suits in equity. It is a part of Chapter VIII of the Code. That chapter is not found among the chapters nor any of its sections among the sections made applicable to suits of equity by the Code: *In re Seidel's Estate,* 64 Or. 321 (130 Pac. 53). The term of court at which the decree was rendered had not expired when the motion was filed for an order vacating the decree and granting a new trial. It was discovered after an execution had issued upon the decree that an error had been made in computing the amount due on the note involved in this suit. The answer does not tender any issue as to the amount of the note or the amount paid thereon. The defendant relies entirely upon its

counterclaim for damages to defeat plaintiffs' claim. The only controversy as to the amount due revolved around a claim on payment of interest. When the mistake was discovered plaintiffs promptly filed a *remittitur*. It is not disputed that the *remittitur* corrected the mistake. Indeed, the Circuit Court in setting aside the decree and granting a new trial found that the original decree was excessive in the amount mentioned in the *remittitur*. The proper practice would have been to have corrected the decree and judgment and denied the motion for a new trial. Instead of following that practice the case was opened and evidence heard as though the case had never gone to a decree. At both trials the allegations of the complaint were sustained and the counterclaim or offset was rejected. At both trials the court found that the matter set up as a counterclaim had not been proven and that the former suit brought to foreclose the same mortgage was not begun maliciously or without probable cause. We concur in these findings.

4. The original decree allowed the plaintiffs $250 as an attorney's fee for instituting the suit to collect the note and foreclose the mortgage. On the second trial this amount was reduced to $100, not because the amount was unreasonable, but because the plaintiffs had instituted the former suit subjecting the defendant to great expense and annoyance. The language of the court is as follows:

"That in view of the fact that plaintiffs wrongfully commenced suit against defendant to foreclose said mortgage, when they knew, or should have known, that no condition of the mortgage was broken, and in spite of the fact that they lost their case in this court, appealed to the Supreme Court in a censurable effort to overreach and wrong defendant, and thereby wrongfully and without justifiable excuse, as the record of the case discloses, subjected defend-

ant to great expense and annoyance, $250.00 or any other or greater sum than One Hundred Dollars would not be reasonable to allow plaintiffs as attorney's fees in this suit, and the Court finds that under all the circumstances One Hundred Dollars and no more would be a reasonable sum to allow plaintiffs as attorney's fees herein."

5–7. It appears from the record that there was a sharp controversy over the question involved in the prior suit to foreclose said mortgage. The matter having been determined against the plaintiffs in the Circuit Court they appealed to this court. The right to appeal was given by the statute and the evidence is not sufficient to show that plaintiffs appealed in bad faith. For that reason we think it was error for the court to reduce the amount of attorney's fee as originally allowed. There was no evidence taken on the reasonableness of the attorney's fee after the first decree was rendered and entered. That matter was not properly before the court to be determined. A motion to vacate a decree because of errors or to correct errors or for rehearing when granted brings up before the court only such matters as are contained in the motion or petition for that purpose: 10 R. C. L. 571–577; 21 C. J. 701–705, 706, § 874; 713, § 877. The texts cited treat of bills of review which have been abolished in this state: Or. L. 390. It is the form of the bill that has been abolished. The same result is now obtained upon application by motion or petition to correct obvious mistakes or by original suit where the error is not apparent on the record: *Crews* v. *Richards,* 14 Or. 442 (13 Pac. 67); *Smith* v. *Nelson,* 46 Or. 3 (78 Pac. 740).

8–10. The same reasons are pertinent to the question of costs. Neither attorney's fee nor costs was before the court in the second trial. The discretion reposed in a court of equity by Section 567 Or. L.,

does not authorize the modification of a former decree as to costs unless that matter is put directly in issue by the application to rehear the case. That was not done in the instant case. The discretion confided in an equity court in regard to costs is not arbitrary, but is a legal discretion. It was an abuse of that discretion to overturn the original decree as to attorney's fee and costs. The decree appealed from is affirmed as to the amount of judgment in favor of plaintiffs and modified as to attorney's fee and costs so as to allow plaintiffs $250 as a reasonable attorney's fee and their costs and disbursements in the Circuit and this court.     MODIFIED.

BEAN, BELT and RAND, JJ., concur.