Argued April 2, appeal dismissed April 17, 1928.

MARY E. MANNIX, ADMINISTRATRIX, *v.* N. E. HARJU ET AL.

(266 Pac. 238.)

Equity—Statute Does not Authorize New Trial in Equity Suit (Or. L., § 174).

1. Section 174, Or. L., authorizing granting of new trial, applies only to law actions and has no application to suit in equity.

Equity—Effect of Order Vacating Decree and Granting New Trial in Equity Suit was to Vacate Decree and Leave Case as It was Before Entry of Decree.

2. Effect of order vacating decree and granting new trial in equity suit was to vacate and set aside decree, leaving case as it was before entry of decree, and restoring in court its power to enter proper decree or do any other act which court could lawfully have done before entry of vacated decree.

Appeal and Error—Order Vacating Decree and Granting New Trial, Resulting in Leaving Case as It was Before Entry of Decree, was not Appealable (Or. L., § 548).

3. Order directing that decree foreclosing attorney's lien should be vacated and providing for granting of new trial, effect of which was to vacate and set aside decree, leaving case as it was before entry of decree, was not appealable, under Section 548, Or. L., since it did not in effect determine suit so as to prevent a judgment or decree therein.

Appeal and Error, 3 C. J., p. 521, n. 11.
Judgments, 34 C. J., p. 385, n. 1.
New Trial, 29 Cyc., p. 723, n. 16.

From Clatsop: J. A. EAKIN, Judge.

Department 2.

APPEAL DISMISSED.

For appellant there was a brief over the name of *Mr. Thomas Mannix,* with an oral argument by *Mr. H. K. Zimmerman.*

For respondent N. E. Harju there was a brief and oral argument by *Mr. E. E. Mathison.*

PER CURIAM.—Plaintiff appeals from an order of the Circuit Court for Clatsop County, vacating and setting aside a decree foreclosing an attorney's lien. The vacated decree and the order were both made and entered at the same term of the court. The evidence offered upon the trial of the cause is not before us and there is nothing to show upon what grounds the court acted in the entry of the decree or in the making

of the order. By some inadvertence or otherwise, the order appealed from, after directing that the decree should be vacated, then provided for the granting of a new trial as in a law action.

1–3. There is no statute which authorizes the relief of a new trial in an equity suit. The statute authorizing the granting of a new trial applies only to law actions and has no application to a suit in equity. See *In re Seidel's Estate*, 64 Or. 321, 324 (130 Pac. 53), and *Lachele* v. *Oregon Realty Exchange Inv. Co.*, 121 Or. 582, 587 (256 Pac. 646). But the effect of the order appealed from was to vacate and set aside the decree which had been entered in the cause. This left the case as it was before the entry of a decree and restored in the court its power to enter a proper decree or do any other act which the court could lawfully have done before the entry of the vacated decree. Presumably but for this appeal the cause would have been finally determined in the court below and a decree would have been there entered from which an appeal could have been taken. This case does not come within any of the provisions of Section 548, Or. L., and was not at the time the appeal was taken subject to appeal. The order appealed from, while it may have affected a substantial right of plaintiff, did not in effect determine the suit "so as to prevent a judgment or decree therein."

The appeal will, therefore, be dismissed and the cause will be remanded to the court below for such other proceedings as are not inconsistent herewith, neither party to recover costs upon the appeal.

APPEAL DISMISSED.