Argued January 22; affirmed February 19; rehearing denied
March 12, 1935

## ISLER ET AL. *v.* ISLER
(41 P. (2d) 451)

*C. M. Cooke,* of Portland (D. A. Norton, of Portland, on the brief), for appellant.

*Richard Deich,* of Portland (G. E. Hamaker, of Portland, on the brief), for respondents.

BEAN, J. This is an application to reopen a divorce decree by way of supplemental cross-complaint, filed more than 10 years after entry of the decree, based on the claim that respondent Robert Isler had concealed some property from Freda Isler, the appellant, at the time they appeared in open court and agreed upon a settlement of their property rights in the year 1923.

The original suit was commenced by respondent Robert Isler in the circuit court of Multnomah county

by filing a complaint for divorce June 26, 1922, against his wife Freda Isler. Answer was filed January 23, 1923. Trial was had on the issues joined January 25, 1923, whereupon the court granted a divorce to defendant Freda Isler, and, after taking the matter of property settlement under advisement in order to ascertain the value, the court appointed appraisers. The appraisers reported their determination and the parties again appeared in court. Further testimony was had on the value and location of the property of plaintiff and defendant, whereupon the court divided the property, awarding to plaintiff Robert Isler the following:

1. Lots one (1), two (2), and three (3), Block forty-two (42), Rossmere Addition, within the corporate limits of Portland, Multnomah county, Oregon.

2. Lots fourteen (14), fifteen (15) and seventeen (17), Greenburg Heights Addition, Washington county, Oregon.

3. Automobile, tools and apparatus used by plaintiff as a gardener (except one hoe, one rake, and one shovel); and also such plants and shrubbery as are not growing upon the lot in Couch's Addition.

And decreed to defendant Freda Isler the following property:

1. All of lot nine (9), Block three hundred nine (309) Couch's Addition, within the corporate limits of the city of Portland, Multnomah county, Oregon, together with the tenements, hereditaments and appurtenances thereunto belonging.

2. All of the household furniture, goods and utensils belonging to the parties hereto now in the dwelling occupied by the defendant, and also one hoe and garden rake, one phonograph, one lawn mower, one wheelbarrow, and one shovel; also any money which may be on deposit in the name of the said defendant, either in the bank or in the United States Postal Savings.

And determined the matter of support rights.

On June 25, the parties appeared in court and agreed on a settlement of these rights, which was incorporated in the decree of that date. Settlement was based on Isler's ownership of the property disclosed by him.

In December, 1933, Freda Isler claimed to have discovered that prior to the date of the decree Robert Isler owned certain valuable real estate which he failed to disclose and which he fraudulently secreted in the names of others, as trustees, for his use. She thereupon filed a supplemental cross-complaint, subsequently amended for the purpose of securing the one-third interest in the secreted property and an award of alimony based on Isler's ownership of such secreted property at the date of the decree.

The plaintiff moved to strike all of the supplemental cross-complaint for the reason that the same does not present any issuable facts. This motion was treated as a demurrer to the supplemental cross-complaint and sustained by the trial court, and the supplemental cross-complaint was dismissed.

Counsel for appellant state in their brief that the sole questions raised by the motion or demurrer involved in this appeal are: First, is defendant's proper remedy the filing of a supplemental cross-complaint in the nature of a bill of review in the divorce suit? Or, second, must defendant secure relief by the filing of an independent suit entirely independent of the original divorce suit?

Counsel for defendant submit that a supplemental bill may be filed after decree has become final on the ground of after-discovered facts which entitle the party to an enlargement of the decree. In such case it is a supplemental bill in the nature of a bill of review. Citing Story on Equity Pleadings (9th Ed.) § 338.

It is clear from the supplemental bill that the object thereof is to reopen the decree of divorce entered several years ago and change the same according to the added allegations of the answer and cross-complaint, which prayed for a change of the decree. We think the defendant seeks to review the original decree.

Section 6-102, Oregon Code 1930, provides that bills of revivor and bills of review, of whatever nature, are abolished; but a decree in equity may be impeached and set aside, suspended, avoided or carried into execution by an original suit. This statute, which authorizes the setting aside of the decree, changing and carrying the decree into execution by an original suit, we think, provides for the defendant Freda Isler's remedy, if any.

As was said by Mr. Justice WOLVERTON in *Smith v. Nelson,* 46 Or. 1, 3 (78 P. 740):

"A bill of review, under the old practice, was employed to revise or modify a decree that had been signed and enrolled, and this for errors in law apparent upon the face of such decree, or on account of newly discovered facts, unknown to the parties seeking relief at the time of the rendition of the decree, and which could not by the exercise of due diligence have been ascertained or then utilized." Citing 2 Beach, Mod. Eq. Prac. § 852; Bouvier, Dict. tit. "Bill of Review"; *Griggs v. Gear,* 3 Gilman (Ill.) 2; *Smyth v. Fitzsimmons,* 97 Ala. 451 (12 So. 48).

In *Lachele v. Oregon Realty Exch. Inv. Co.,* 121 Or. 582, 589 (256 P. 646), referring to the section of the code, now section 6-102, Oregon Code 1930, it is stated, in substance, that the form of the bill has been abolished, and that the same result is now obtained upon application by motion or petition to correct obvious mistakes, or by original suit where the error is not apparent on the record, citing *Crews v. Richards,* 14 Or. 442 (13 P. 67); *Smith v. Nelson,* supra.

There was no obvious error or mistake appearing in the original decree sought to be changed, and we think defendant's remedy, if any she has, the error not being apparent on the record, is by an original suit. This is appropriate especially as the original decree has stood for over 10 years. We refrain from considering the merits of the suit.

In *Bamford v. Bamford,* 4 Or. 30, the syllabus reads: "The decree of divorce having become final can not be disturbed, unless by a suit in the nature of a bill of review. * * *" This ruling is not out of harmony with Story's Equity Pleadings, cited by appellant.

The order of the circuit court, that the motion or demurrer be sustained and that the supplemental cross-complaint be dismissed, is affirmed.

Neither party will recover costs or disbursements in this court.

CAMPBELL, C. J., and BAILEY and RAND, JJ., concur.